# UNITED STATESDISTRICT COURT

## For the Southern District of Ohio

UNITED STATES

Vs.

Lance Q Ellis Ealy

Case No. 3:13 0075

Judge Michael R. Barrett

---

**Rule 29. Motion for a Judgment of Acquittal**

**Rule 34. MOTION TO ARREST JUDGEMENT**

**Rule 33. MOTION FOR NEW TRIAL**

**WITH ATTACHMENTS**

Lance Q Ellis Ealy

All Rights Reserved

X _Lance Ealy_

Now come defendant as himself pursuant to federal criminal RULE 29-33-34 and demands this Court to arrest judgment pursuant to criminal rules as and the demand for New Trial See FEDERAL R. 33

**Grounds.**

A new trial may be granted on motion of the defendant for any of the
Following causes affecting materially his substantial rights:

> (1)     Irregularity in the proceedings and in the entire judgments Michael
> R. Barrett abuse of discretion because he tried the defendant
> without counsel of which the defendant was prevented from having
>
> a fair trial.

### Rule 44. Right to and Appointment of Counsel

(a) Right to Appointed Counsel the defendant who was unable to obtain
counsel was entitled to have counsel appointed to represent him the
defendant at every stage of this proceeding from initial appearance through
appeal should have had been appointed counsel to handle this complex
case the defendant never waived this right.

(b)

Barrett violated the appointment and procedures of the Federal law and
local court rules that govern the procedure for implementing the right to
counsel.

### Notes of Advisory Committee on Rules—1944

(c) This rule is a restatement of existing law in regard to the defendant's
constitutional right of counsel as was defined in recent filings before
Barrett.

### The Sixth Amendment provides:

(d) "In all criminal prosecutions, the accused shall enjoy the right * * * to
have the Assistance of Counsel for his defense."

### 28 U.S.C. former §394 (now §1654) provides:

(e) In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein." See 18 U.S.C. former §563 (now §3005), which is derived from the act of April 30, 1790 (1 Stat. 118), provides:

(f) "Every person who is indicted of treason or other capital crime, shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire, and they shall have free access to him at all seasonable hours."

(g) Barrett was well aware of the present laws as explained to the extent of the right of counsel has been defined recently in *Johnson v. Zerbst*, 304 U.S. 458; *Walker v. Johnston*, 312 U.S. 275; and *Glasser v. United States*, 315 U.S. 60. The rule is a restatement of the principles enunciated in these decisions. See, also, Holtzoff, 20 N.Y.U.L.Q.R. 1.

(h) The rule is intended to indicate that the right of the defendant to have counsel assigned by the court relates only to proceedings in court and, therefore, does not include preliminary proceedings before a committing magistrate. Although the defendant is not entitled to have counsel assigned to him in connection with preliminary proceedings, he is entitled to be represented by counsel retained by him, if he so chooses, Rule 5(b) (Proceedings before the Commissioner; Statement by the Commissioner) and Rule 40(b)(2) (Commitment to Another District; Removal—Arrest in Distant District—Statement by Commissioner or Judge). As to defendant's right of counsel in connection with the taking of depositions, see Rule 15(c) (Depositions—Defendant's Counsel and Payment of Expenses).

2

**Rule 23. Jury or Nonjury Trial**

It's a known fact

(a) the defendant is entitled to a jury trial; the trial must be by jury unless:

(1) The defendant waives a jury trial in writing;

(2) The government consents; and

(3) The court approves.

(b) Nonjury Trial. In this case the government had agreed to waive the jury trial on October 27, 2014 status hearing and allow the defendant to be tried without a jury. The court must look at Judge Barrett's violation of the law that led to the guilty verdict by the jury that the government had agreed to waive.

(c)We have misconduct of the jury and, prosecuting attorneys, and where the witnesses for the Government knew or should have known that the Judge had violated the law by trying the defendant without proper trial counsel and no counsel at all.

(d)Stand by Counsel Thomas Anderson was well aware of due process violations and conspiracy of Barrett. The Prosecution and Barrett conspired to introduce new evidence during trial this was no accident or surprise but was preplanned as thousands of African American males are improperly charged and held hostage within the United States District Courts which ordinary prudence could not have guarded against.

(e)The verdict that was reached by the jury was not sustained by sufficient evidence and is contrary to law.

(f)The evidence shows the defendant is not guilty of the crime for which he was convicted.

(g)Thomas Anderson committed fraud and stood by and allowed the prosecution and the Judge to abuse their authority.

(h) The verdict or finding accordingly shall be arrested without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified.

(I)The entire trial was Unfair and contained hundreds of willful errors of law according to the records at trial.

## *Newly Discovered Evidence*

(j) When the prosecution and Barrett introduced the new evidence material at trial to the defense it's now discovered that Thomas Anderson admitted that he had such relevant material evidence at all times in his possession, this was a severe violation of the defendants fifth amendment rights and a criminal act calling the disbarment for life of Thomas Anderson.

The defendant could not with reasonable due diligence have discovered and produced at the trial the evidence held by Thomas Anderson.

This is also a motion for a new trial made upon the ground of newly discovered evidence, the defendant can produce at the hearing on the motion, in support thereof, the affidavits of the witnesses who recanted their statements against the defendant by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case.

The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses if they so choice.

(3)

**Time Frame for Motion for new trial;**

(a)This application for a new trial is made by motion which, except for the cause of newly discovered evidence, Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(b) Whereas the defendant had made by motion by writing a waiver of jury trial rejected by the trial Judge Barrett where the trial by jury was not warranted or requested by either party and had been agreed by the prosecution to be waived.

(c) The defendant has a warrant issued by Barrett, Barrett had arrested the defendant on July 25 2014 by use of false and tainted evidence from witnesses in which there statements had been recanted, then Barrett conspired to retaliate and deprive the defendant of all due process guaranteed by the 5th amendment to the United States Constitutional requirements.

(d) Barrett waited 99 days to revoke the defendants bond then placed him in the Montgomery County Jail and would not allow him competent counsel or ample time to prepare for trial.

(e) Trial started on November 3 2014 the defendant was released from jail on October 16 2014 and had been given over 30 thousand sheets of evidence to review in jail and then he was to have read all of the evidence without counsel prior to his release from jail.

(f) Barrett then forced the defendant to the case in less than 20 days upon his release this was corruption and obstruction of justice.

(g) This motion for new trial is not only made on the account of newly discovered evidence alone but because of denial of trial counsel.

(h) Barrett confirmed at a hearing held on September 11, 2014 that he would allow trial attorney Craig Weintraub out of Cleveland Ohio to be appointed then he changed his mind and forced the defendant to trial without counsel.

(i) Trial by jury had been waived by the defendant and the government on October 27,2014 it appears by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he discovered during trial itself, and now he must rely, such motion and its filing within seven days from his conviction even though he may be prevented from discovering the evidence within the one hundred twenty day period because of the abuse of discretion of the trial court itself.

Affidavits of witnesses as required have been submitted with this cause enumerated in subsection (A)(2) and (3) and must be sustained by affidavit showing their truth, and may be controverted by affidavit under subsection. **28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury.**

(a) Once the new trial is granted the trial court under a new Judge shall allow, the accused to stand trial with proper trial counsel upon the charge or charges of which he was convicted.

(b) Continued grounds for new trial.

(c) motion for a new trial shall be granted or verdict set aside, and judgment of conviction shall be reversed in any court because of:

(d) The inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him.

(e) A variance between the allegations and the proof thereof, because the defendant is misled or prejudiced thereby

(f) The admission or rejection of any evidence offered against or for the defendant, where the defendant was prejudiced thereby.

(g) The trial judge intentionally misdirected the jury and the defendant was prejudiced thereby.

(h) All other causes where it affirmatively appears from the record that the defendant was prejudiced thereby and was prevented from having a fair trial.

5. RULE 34. The defendant in this matter challenges the sufficiency of the evidence that sustained the conviction on one or more of the offenses charged in one or more of the following ways:

(1) A motion for judgment of acquittal at the close of the Commonwealth's case-in-chief this motion as discussed is a motion for judgment of acquittal at the close of all the evidence where Thomas Anderson had failed to act throughout this proceeding. If the defendant had effective or adequate trial counsel this motion for judgment of acquittal would have been filed within 10 days after the jury has been discharged or without agreeing upon a verdict.

This motion for judgment of acquittal is now made by written motion where Thomas Anderson could or should have or would have made it orally immediately after verdict. This is the challenge to the sufficiency of the evidence made prior to appeal. This motion for judgment of acquittal shall not constitute an admission of any facts or inferences except for the purpose of deciding the motion. The defendant may also raise the issue for the first time on appeal under the criminal rules. Since the defendant was unable to move on the motion before verdict and if the motion is denied, the defendant may renew the motion before the trial court pursuant to said rules.

**Weight of the evidence**

It's understood that appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion. See *Commonwealth v. Widmer*, 689 A.2d 211 (Pa. 1997) and *Commonwealth v. Brown*, 648 A.2d 1177, 1189—1192 (Pa. 1994).

Therefore the defendants challenge to the sufficiency of the evidence is now raised for the first time and also maybe raised on appeal to challenge the weight of the evidence used in the trial.

**Weight of Evidence**

*Measure of credible proof has been one sided and in dispute as compared with the credible proof on the other, particularly the* probative *evidence considered by the judge and jury during this trial.*

The trier in this matter who was the judge and jury failed to review the evidence presented, evaluate it, and determine if it meets the standard of proof.

Under this standard, the trier of fact must return a verdict in favor of the plaintiff in a civil suit and must convict a defendant in a criminal trial.

If the evidence does not meet the standard of proof, the trier of fact must find for the defendant in a civil or criminal case. These decisions are based on the concept of the **"weight of evidence."**

The weight of evidence is based on the believability or persuasiveness of evidence. The probative value (tending to convince a person of the truth of some proposition) of evidence does not necessarily turn on the number of witnesses called, but rather the persuasiveness of their testimony.

For example in this matter the government witnesses confirmed that who gave uncorroborated but apparently honest and sincere testimony that commands belief that they knew nothing or ever heard of a Lance Ealy ever having committed a crime as charged , even though several witnesses of apparent respectability may contradict their stories.

The question here for the jury is not which side has more witnesses, but what testimony they believe the defense never had an opportunity to put on its witnesses the defendant has no knowledge of trying a case and the Judge prayed on that fact.

Particular evidence in this matter if presented would have different weight in inducing belief with respect to the facts and circumstances to be proved.

Evidence that is indefinite, vague, or improbable will be given less weight than evidence that is direct and unrefuted.

No one refuted the fact that Lance Ealys emails could have been compromised at some point and time.

For example, a criminal defendant's testimony that he had never been at the scene of a crime would be given little weight if his fingerprints were found at the crime scene and witnesses testify they saw him at the scene.

Similarly Government witness special Agent O'Neil confirmed that he would set up a meeting with a person to verify that they were the one behind the crimes committed O'Neil verified under oath that since Lance Ealy's emails

was found he had to be the one behind the crimes charged this was not sufficient weight of the evidence.

On the other hand evidence given by a witness who testifies from personal observation is of greater weight than evidence offered by a witness who is testifying from general knowledge alone. Agent O'Neil also confirmed that it was a high possibility that someone other than Lance Ealy could have allegedly sent the emails to wangsangpi@gmail.com

**Preponderance of Evidence.**

In a civil trial, the plaintiff's Burden of Proof is the preponderance of the evidence standard, which means that the plaintiff must convince the trier of fact that the evidence in support of his case outweighs the evidence offered by the defendant to oppose it. In contrast, criminal trials require that the weight of evidence proving a defendant's guilt must be Beyond a Reasonable Doubt.

In a number of jurisdictions, judges are prohibited from instructing juries on the weight to be given to evidence. In other states, the judge is permitted to give a balanced and fair assessment of the weight she believes should be as described to the evidence.

All jurisdictions prohibit the judge from instructing the jury on what weight is to be given to the testimony of any witness or class of witnesses.

The judge stated that jury must weigh particular pieces of admissible evidence and was not entitled to receive weight or consideration from the defense.

The judge was also forbidden either to aid the jury or to infringe upon its role in weighing the evidence or in deciding upon the facts. In addition Barrett gave his instructions to the jury, and had no right to prescribe the order and manner in which the evidence should be examined and weighed by the jury, or to tell the jurors how they shall consider any evidence that has been received by the court.

The weight of evidence in this matter like so many was the strength and, value and believability of evidence presented on a factual issue but only directed to one side as compared to evidence introduced by the other side.

## WEIGHT OF EVIDENCE.

Weight of evidence noun adequate evidence, adequate proof legally presented at trial, burden of going forward, legal responsibility, obligation of going forward, sufficient corroboration, sufficient evidence in a case, sufficient evidence to establish a case, sufficient proof, sufficient proof of facts, validation of proof of a case, verification of proof of a case Associated concepts: cause of action or claim, evidence, evidential burden, failure to sustain, preponderance of the evidence, prima facie case, rebuttal there to.

1. This case can be used to signify that the proof on one side, of a cause is greater than on the other when we have abused of discretion by the trial court.
2. When the verdict was rendered it was no doubt against the weight of the evidence, the court may, on this ground, grant a new trial, but the court will exercise this power not merely with a cautious, but a strict and sure judgment, before they send the case to a second jury.
3. The general rule under such circumstances is that the verdict once found shall stand: the setting aside is the exception, and ought to be an exception, of rare and almost singular occurrence.
4. A new trial will be granted on this ground for the deprived party; the evidence, however, is not to be weighed in golden scales. 2 Hodg. R. 125; S. C. 3 Bing. N. C. 109; Gilp. 356; 4 Yeates, 437; 3 Greenl. 276; 8 Pick. 122; 5 Wend. 595; 7 Wend. 380; 2 Vir. Cas. 235.

**28 USC 445a**

This Judge should have been disqualified two applications were filed for Barrett s removal. On September 05 2014 and September 11, 2014

The Court ignored this Judges misbehavior and incompetence, he was a part of the ongoing prosecutorial misconduct in this high-profile alleged tax scheme case that resulted in hundreds of indictments and several people being arrested involving Experian and Court Ventures two giant credit score keepers.

It's a known fact based on research the accusations by the defense is that the prosecuting attorneys misrepresented evidence and judge Barrett knowingly appointed a in experienced lawyer Thomas Anderson to sit as stand by counsel.

Another Judge with more experience and patients must handle a matter such as this one this trial must be dismissed with or without prejudice meaning prosecutors will have the opportunity to re-file charges.

Defense attorneys must be appointed and argue the  Government should not get a "do-over" saying they have caused irreparable damage and irreversible harm to the life of defendant  and all he is connected to due to half-truths and outright lies.

Alex Sistla the Prosecutors admitted mistakes were made, and never showed a desire to challenge a competent law firm when he realized he had made gross errors in the case.

This case is ruled a mis- trial and described the Governments indictment as "flawed from the beginning" the records show government witnesses Anshawn Esmond and Ashlie Mansfield gave false testimony against the defendant Lance Ealy. Both witnesses have since both did notarized statements recanting all statements made against the defendant Lance Ealy at the grand jury Hearing on February 27, 2014.  Additionally in the case of the defendant there was "absolutely no evidence of tax fraud, wire fraud or any connection with NGO" presented at trial.

However  the given the facts of this case the next Judge should be compelled to seriously and consider the disqualifying of the Prosecutors Alex Sistla and the deputy prosecutor from any involvement in future cases.

Alex Sistla was over his head. They lacked the experience necessary to **dot the i's** and cross the **t's** and make the connections necessary to present all of the evidence as said records confirm.

The Court here should find the prosecutors to be completely inexperienced.

The records and the trial proceedings sustain they were over their heads and they were disingenuous in their testimony before the court. This was the result of that entire nothing.

Not even **one witness at trial came forward to identify the defendant as to committing any crimes what so ever**, no sanctions have been even thought about just a free reign to violate the law, not even a referral to the disciplinary counsel.

The prosecution was simply given carte blanche to file the charges; no defense attorney was even present to challenge these malfeasants of law at trial.

It's a fact that these were inadvertent mistakes that were made.

This was a very confusing situation as far as the defendants and plaintiffs were concerned and there are legitimate reasons to see that mistakes were made by the Prosecutor as explained throughout this motion.

Defense attorneys would have properly challenged  Experian's involvement in the case from the very beginning.

The grand jury indictment earlier this year came after federal prosecutors ruled people who were involved with Witness Hieu min NGO could be indicted.

Prosecutors say the federal ruling stemmed from a hearing held against Don Roberts of Experian at the senate hearing. This was before federal agents seized records from the giant credit score keeper.

Other Prosecuting Attorneys and agent should be named in a lawsuit as well for false arrest and illegal detention of the defendant

## Rule 26.3 Mistrial

The Court must order a mistrial, the court must give the defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

**Rule 26.3** is directed at providing both sides an opportunity to place on the record their views about the proposed mistrial order. In particular, the court must give each side an opportunity to state whether it objects or consents to the order.

Several cases such as this one have held that retrial of a defendant was barred by the Double Jeopardy Clause of the Constitution because the trial court had abused its discretion in declaring a mistrial. *See United States v. Dixon*, 913 F.2d 1305 (8th Cir. 1990); *United States v. Bates*, 917 F.2d 388 (9th Cir. 1990). In both cases the appellate courts concluded that the trial court had acted precipitately and had failed to solicit the parties' views on the necessity of a mistrial and the feasibility of any alternative action.

The new Rule here is designed to remedy that situation.

Other Committees with regards to the rules as a balanced and modest procedural device that could benefit both the prosecution and the defense.

While reading the *Dixon* and *Bates* decisions adversely affected the government's interest in prosecuting serious crimes, the new Rule could also benefit the defendant here.

The Rule ensures that a defendant has the opportunity to dissuade a judge from declaring a mistrial in a case where granting one would not be an abuse of discretion, but the defendant believes that the prospects for a favorable outcome before that particular court, or jury, are greater than they might be upon retrial.

Respectively Submitted

Lance Ealy

All Rights Reserved

X_____

## CERTIFICATE OF SERVICE

The defendant herein certifies that he will serve a copy of this motion to the U.S. attorney to the Plaintiffs who are the complaining parties for the United States with private and official interests will be served a copy of this motion within 3 business days filing on this__day of November 2014.

Lance Q. Ellis Ealy

All Rights Reserved

X_____

# UNITED STATESDISTRICT COURT

## For the Southern District of Ohio

UNITED STATES

Vs.

Lance Q Ellis Ealy

Case No. 3:13 0075

Judge Michael R. Barrett

---

Rule 29. Motion for a Judgment of Acquittal

Rule 34. MOTION TO ARREST JUDGEMENT

Rule 33. MOTION FOR NEW TRIAL

WITH ATTACHMENTS

Lance Q Ellis Ealy

All Rights Reserved

X_____

Now come defendant as himself pursuant to federal criminal RULE 29 33
34 and demands this Court to arrest judgment pursuant to criminal rules as
and the demand for New Trial See FEDERAL R. 33

Grounds.

A new trial may be granted on motion of the defendant for any of the Following causes affecting materially his substantial rights:

(1)   Irregularity in the proceedings and in the entire judgments Michael R. Barrett abuse of discretion because he tried the defendant without counsel of which the defendant was prevented from having

a fair trial.

Rule 44. Right to and Appointment of Counsel

(a) Right to Appointed Counsel the defendant who was unable to obtain counsel  was entitled to have counsel appointed to represent  him  the defendant at every stage of this proceeding from initial appearance through appeal should have had been appointed counsel to handle this complex case the defendant never waived this right.

(b)

Barrett violated the appointment and procedures of the Federal law and local court rules that govern the procedure for implementing the right to counsel.

Notes of Advisory Committee on Rules—1944

(c) This rule is a restatement of existing law in regard to the defendant's constitutional right of counsel as was defined in recent filings before Barrett.

The Sixth Amendment provides:

(d) "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense."

28 U.S.C. former §394 (now §1654) provides:

(e) In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein." See 18 U.S.C. former §563 (now §3005), which is derived from the act of April 30, 1790 (1 Stat. 118), provides:

(f) "Every person who is indicted of treason or other capital crime, shall be allowed to make his full defense by counsel learned in the law; and the court before which he is tried or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire, and they shall have free access to him at all seasonable hours."

(g) Barrett was well aware of the present laws as explained to the extent of the right of counsel has been defined recently in Johnson v. Zerbst, 304 U.S. 458; Walker v. Johnston, 312 U.S. 275; and Glasser v. United States, 315 U.S. 60. The rule is a restatement of the principles enunciated in these decisions. See, also, Holtzoff, 20 N.Y.U.L.Q.R. 1.

(h) The rule is intended to indicate that the right of the defendant to have counsel assigned by the court relates only to proceedings in court and, therefore, does not include preliminary proceedings before a committing magistrate. Although the defendant is not entitled to have counsel assigned to him in connection with preliminary proceedings, he is entitled to be represented by counsel retained by him, if he so chooses, Rule 5(b) (Proceedings before the Commissioner; Statement by the Commissioner) and Rule 40(b)(2) (Commitment to Another District; Removal—Arrest in Distant District—Statement by Commissioner or Judge). As to defendant's right of counsel in connection with the taking of depositions, see Rule 15(c) (Depositions—Defendant's Counsel and Payment of Expenses).

2

Rule 23. Jury or Nonjury Trial

It's a known fact

(a) the defendant is entitled to a jury trial; the trial must be by jury unless:

(1) The defendant waives a jury trial in writing;

(2) The government consents; and

(3) The court approves.

(b) Nonjury Trial. In this case the government had agreed to waive the jury trial on October 27, 2014 status hearing and allow the defendant to be tried without a jury. The court must look at Judge Barrett's violation of the law that led to the guilty verdict by the jury that the government had agreed to waive.

(c)We have misconduct of the jury and, prosecuting attorneys, and where the witnesses for the Government knew or should have known that the Judge had violated the law by trying the defendant without proper trial counsel and no counsel at all.

(d)Stand by Counsel Thomas Anderson was well aware of due process violations and conspiracy of Barrett. The Prosecution and Barrett conspired to introduce new evidence during trial this was no accident or surprise but was preplanned as thousands of African American males are improperly charged and held hostage within the United States District Courts which ordinary prudence could not have guarded against.

(e)The verdict that was reached by the jury was not sustained by sufficient evidence and is contrary to law.

(f)The evidence shows the defendant is not guilty of the crime for which he was convicted.

(g)Thomas Anderson committed fraud and stood by and allowed the prosecution and the Judge to abuse their authority.

(h) The verdict or finding accordingly shall be arrested without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified.

(I)The entire trial was Unfair and contained hundreds of willful errors of law according to the records at trial.

## Newly Discovered Evidence

(j) When the prosecution and Barrett introduced the new evidence material at trial to the defense it's now discovered that Thomas Anderson admitted that he had such relevant material evidence at all times in his possession, this was a severe violation of the defendants fifth amendment rights and a criminal act calling the disbarment for life of Thomas Anderson.

The defendant could not with reasonable due diligence have discovered and produced at the trial the evidence held by Thomas Anderson.

This is also a motion for a new trial made upon the ground of newly discovered evidence, the defendant can produce at the hearing on the motion, in support thereof, the affidavits of the witnesses who recanted their statements against the defendant by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case.

The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses if they so choice.

(3)

## Time Frame for Motion for new trial;

(a) This application for a new trial is made by motion which, except for the cause of newly discovered evidence, Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(b) Whereas the defendant had made by motion by writing a waiver of jury trial rejected by the trial Judge Barrett where the trial by jury was not warranted or requested by either party and had been agreed by the prosecution to be waived.

(c) The defendant has a warrant issued by Barrett, Barrett had arrested the defendant on July 25 2014 by use of false and tainted evidence from witnesses in which there statements had been recanted, then Barrett conspired to retaliate and deprive the defendant of all due process guaranteed by the 5th amendment to the United States Constitutional requirements.

(d) Barrett waited 99 days to revoke the defendants bond then placed him in the Montgomery County Jail and would not allow him competent counsel or ample time to prepare for trial.

(e) Trial started on November 3 2014 the defendant was released from jail on October 16 2014 and had been given over 30 thousand sheets of evidence to review in jail and then he was to have read all of the evidence without counsel prior to his release from jail.

(f) Barrett then forced the defendant to the case in less than 20 days upon his release this was corruption and obstruction of justice.

(g) This motion for new trial is not only made on the account of newly discovered evidence alone but because of denial of trial counsel.

(h) Barrett confirmed at a hearing held on September 11, 2014 that he would allow trial attorney Craig Weintraub out of Cleveland Ohio to be appointed then he changed his mind and forced the defendant to trial without counsel.

(i) Trial by jury had been waived by the defendant and the government on October 27,2014 it appears by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he discovered during trial itself, and now he must rely, such motion and its filing within seven days from his conviction even though he may be prevented from discovering the evidence within the one hundred twenty day period because of the abuse of discretion of the trial court itself.

Affidavits of witnesses as required have been submitted with this cause enumerated in subsection (A)(2) and (3) and must be sustained by affidavit showing their truth, and may be controverted by affidavit under subsection. 28 U.S. Code § 1746 Unsworn declarations under penalty of perjury.

(a) Once the new trial is granted the trial court under a new Judge shall allow, the accused to stand trial with proper trial counsel upon the charge or charges of which he was convicted.

(b) Continued grounds for new trial.

(c) motion for a new trial shall be granted or verdict set aside, and judgment of conviction shall be reversed in any court because of:

(d) The inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him.

(e) A variance between the allegations and the proof thereof, because the defendant is misled or prejudiced thereby

(f) The admission or rejection of any evidence offered against or for the defendant, where the defendant was prejudiced thereby.

(g) The trial judge intentionally misdirected the jury and the defendant was prejudiced thereby.

(h) All other causes where it affirmatively appears from the record that the defendant was prejudiced thereby and was prevented from having a fair trial.

5. RULE 34. The defendant in this matter challenges the sufficiency of the evidence that sustained the conviction on one or more of the offenses charged in one or more of the following ways:

(1) A motion for judgment of acquittal at the close of the Commonwealth's case in chief this motion as discussed is a motion for judgment of acquittal at the close of all the evidence where Thomas Anderson had failed to act throughout this proceeding. If the defendant had effective or adequate trial counsel this motion for judgment of acquittal would have been filed within 10 days after the jury has been discharged or without agreeing upon a verdict.

This motion for judgment of acquittal is now made by written motion where Thomas Anderson could or should have or would have made it orally immediately after verdict. This is the challenge to the sufficiency of the evidence made prior to appeal. This motion for judgment of acquittal shall not constitute an admission of any facts or inferences except for the purpose of deciding the motion. The defendant may also raise the issue for the first time on appeal under the criminal rules. Since the defendant was unable to move on the motion before verdict and if the motion is denied, the defendant may renew the motion before the trial court pursuant to said rules.

## Weight of the evidence

It's understood that appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion. See Commonwealth v. Widmer, 689 A.2d 211 (Pa. 1997) and Commonwealth v. Brown, 648 A.2d 1177, 1189—1192 (Pa. 1994).

Therefore the defendants challenge to the sufficiency of the evidence is now raised for the first time and also maybe raised on appeal to challenge the weight of the evidence used in the trial.

## Weight of Evidence

Measure of credible proof has been one sided and in dispute as compared with the credible proof on the other, particularly the probative evidence considered by the judge and jury during this trial.

The trier in this matter who was the judge and jury failed to review the evidence presented, evaluate it, and determine if it meets the standard of proof.

Under this standard, the trier of fact must return a verdict in favor of the plaintiff in a civil suit and must convict a defendant in a criminal trial.

If the evidence does not meet the standard of proof, the trier of fact must find for the defendant in a civil or criminal case. These decisions are based on the concept of the "weight of evidence."

The weight of evidence is based on the believability or persuasiveness of evidence. The probative value (tending to convince a person of the truth of some proposition) of evidence does not necessarily turn on the number of witnesses called, but rather the persuasiveness of their testimony.

For example in this matter the government witnesses confirmed that who gave uncorroborated but apparently honest and sincere testimony that commands belief that they knew nothing or ever heard of a Lance Ealy ever having committed a crime as charged , even though several witnesses of apparent respectability may contradict their stories.

The question here for the jury is not which side has more witnesses, but what testimony they believe the defense never had an opportunity to put on its witnesses the defendant has no knowledge of trying a case and the Judge prayed on that fact.


Particular evidence in this matter if presented would have different weight in inducing belief with respect to the facts and circumstances to be proved.

Evidence that is indefinite, vague, or improbable will be given less weight than evidence that is direct and unrefuted.

No one refuted the fact that Lance Ealys emails could have been compromised at some point and time.

For example, a criminal defendant's testimony that he had never been at the scene of a crime would be given little weight if his fingerprints were found at the crime scene and witnesses testify they saw him at the scene.

Similarly Government witness special Agent O'Neil confirmed that he would set up a meeting with a person to verify that they were the one behind the crimes committed O'Neil verified under oath that since Lance Ealy's emails

was found he had to be the one behind the crimes charged this was not sufficient weight of the evidence.

On the other hand evidence given by a witness who testifies from personal observation is of greater weight than evidence offered by a witness who is testifying from general knowledge alone. Agent O'Neil also confirmed that it was a high possibility that someone other than Lance Ealy could have allegedly sent the emails to wangsangpi@gmail.com

Preponderance of Evidence.

In a civil trial, the plaintiff's Burden of Proof is the preponderance of the evidence standard, which means that the plaintiff must convince the trier of fact that the evidence in support of his case outweighs the evidence offered by the defendant to oppose it. In contrast, criminal trials require that the weight of evidence proving a defendant's guilt must be Beyond a Reasonable Doubt.

In a number of jurisdictions, judges are prohibited from instructing juries on the weight to be given to evidence. In other states, the judge is permitted to give a balanced and fair assessment of the weight she believes should be as described to the evidence.

All jurisdictions prohibit the judge from instructing the jury on what weight is to be given to the testimony of any witness or class of witnesses.

The judge stated that jury must weigh particular pieces of admissible evidence and was not entitled to receive weight or consideration from the defense.

The judge was also forbidden either to aid the jury or to infringe upon its role in weighing the evidence or in deciding upon the facts. In addition Barrett gave his instructions to the jury, and had no right to prescribe the order and manner in which the evidence should be examined and weighed by the jury, or to tell the jurors how they shall consider any evidence that has been received by the court.

The weight of evidence in this matter like so many was the strength and, value and believability of evidence presented on a factual issue  but only directed to one side as compared to evidence introduced by the other side.

WEIGHT OF EVIDENCE.

Weight of evidence noun adequate evidence, adequate proof legally presented at trial, burden of going forward, legal responsibility, obligation of going forward, sufficient corroboration, sufficient evidence in a case, sufficient evidence to establish a case, sufficient proof, sufficient proof of facts, validation of proof of a case, verification of proof of a case Associated concepts: cause of action or claim, evidence, evidential burden, failure to sustain, preponderance of the evidence, prima facie case, rebuttal there to.

1. This case can be used to signify that the proof on one side, of a cause is greater than on the other when we have abused of discretion by the trial court.
2. When the verdict was rendered it was no doubt against the weight of the evidence, the court may, on this ground, grant a new trial, but the court will exercise this power not merely with a cautious, but a strict and sure judgment, before they send the case to a second jury.
3.  The general rule under such circumstances is that the verdict once found shall stand: the setting aside is the exception, and ought to be an exception, of rare and almost singular occurrence.
4. A new trial will be granted on this ground for the deprived party; the evidence, however, is not to be weighed in golden scales. 2 Hodg. R. 125; S. C. 3 Bing. N. C. 109; Gilp. 356; 4 Yeates, 437; 3 Greenl. 276; 8 Pick. 122; 5 Wend. 595; 7 Wend. 380; 2 Vir. Cas. 235.

28 USC 445a

This Judge should have been disqualified two applications were filed for Barrett s removal. On September 05 2014 and September 11, 2014

The Court ignored this Judges misbehavior and incompetence, he was a part of the ongoing prosecutorial misconduct in this high profile alleged tax scheme case that resulted in hundreds of indictments and several people being arrested involving Experian and Court Ventures two giant credit score keepers.

It's a known fact based on research the accusations by the defense is that the prosecuting attorneys misrepresented evidence and judge Barrett knowingly appointed a in experienced lawyer Thomas Anderson to sit as stand by counsel.

Another Judge with more experience and patients must handle a matter such as this one this trial must be dismissed with or without prejudice meaning prosecutors will have the opportunity to re file charges.

Defense attorneys must be appointed and argue the  Government should not get a "do over" saying they have caused irreparable damage and irreversible harm to the life of defendant  and all he is connected to due to half truths and outright lies.

Alex Sistla the Prosecutors admitted mistakes were made, and never showed a desire to challenge a competent law firm when he realized he had made gross errors in the case.

This case is ruled a mis  trial and described the Governments indictment as "flawed from the beginning" the records show government witnesses Anshawn Esmond and Ashlie Mansfield gave false testimony against the defendant Lance Ealy. Both witnesses have since both did notarized statements recanting all statements made against the defendant Lance Ealy at the grand jury Hearing on February 27, 2014.  Additionally in the case of the defendant there was "absolutely no evidence of tax fraud, wire fraud or any connection with NGO" presented at trial.

However  the given the facts of this case the next Judge should be compelled to seriously and consider the disqualifying of the Prosecutors Alex Sistla and the deputy prosecutor from any involvement in future cases.

Alex Sistla was over his head. They lacked the experience necessary to dot the i's and cross the t's and make the connections necessary to present all of the evidence as said records confirm.

The Court here should find the prosecutors to be completely inexperienced.

The records and the trial proceedings sustain they were over their heads and they were disingenuous in their testimony before the court. This was the result of that entire nothing.

Not even one witness at trial came forward to identify the defendant as to committing any crimes what so ever, no sanctions have been even thought about just a free reign to violate the law, not even a referral to the disciplinary counsel.

The prosecution was simply given carte blanche to file the charges; no defense attorney was even present to challenge these malfeasants of law at trial.

It's a fact that these were inadvertent mistakes that were made.

This was a very confusing situation as far as the defendants and plaintiffs were concerned and there are legitimate reasons to see that mistakes were made by the Prosecutor as explained throughout this motion.

Defense attorneys would have properly challenged  Experian's involvement in the case from the very beginning.

The grand jury indictment earlier this year came after federal prosecutors ruled people who were involved with Witness Hieu min NGO could be indicted.

Prosecutors say the federal ruling stemmed from a hearing held against Don Roberts of Experian at the senate hearing. This was before federal agents seized records from the giant credit score keeper.

Other Prosecuting Attorneys and agent should be named in a lawsuit as well for false arrest and illegal detention of the defendant

Rule 26.3 Mistrial

The Court must order a mistrial, the court must give the defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

Rule 26.3 is directed at providing both sides an opportunity to place on the record their views about the proposed mistrial order. In particular, the court must give each side an opportunity to state whether it objects or consents to the order.

Several cases such as this one have held that retrial of a defendant was barred by the Double Jeopardy Clause of the Constitution because the trial court had abused its discretion in declaring a mistrial. See United States v. Dixon, 913 F.2d 1305 (8th Cir. 1990); United States v. Bates, 917 F.2d 388 (9th Cir. 1990). In both cases the appellate courts concluded that the trial court had acted precipitately and had failed to solicit the parties' views on the necessity of a mistrial and the feasibility of any alternative action.

The new Rule here is designed to remedy that situation.

Other Committees with regards to the rules as a balanced and modest procedural device that could benefit both the prosecution and the defense.

While reading the Dixon and Bates decisions adversely affected the government's interest in prosecuting serious crimes, the new Rule could also benefit the defendant here.

The Rule ensures that a defendant has the opportunity to dissuade a judge from declaring a mistrial in a case where granting one would not be an abuse of discretion, but the defendant believes that the prospects for a favorable outcome before that particular court, or jury, are greater than they might be upon retrial.

Respectively Submitted

Lance Ealy

All Rights Reserved

X _____

CERTIFICATE OF SERVICE

The defendant herein certifies that he will serve a copy of this motion to the
U.S. attorney to the Plaintiffs who are the complaining parties for the United
States with private and official interests will be served a copy of this motion
within 3 business days filing on this___day of November 2014.

Lance Q. Ellis Ealy

All Rights Reserved

X _____