UNITED STATES SOUTHERN District of Ohio

Case No. 3:13cr00175

USA

vs.

Michael Barrett
U.S. District Judge

Lance Ealy

MOTION TO RECUSE JUDGE 28 U.S. Code § 455a
With 144 AFFIDAVIT

MOTION TO ORDER A NEW TRIAL RULE 33

MOTION FOR PLEADINGS RULE 12

MOTION AND SUPPORTING AFFIDAVITS RULE 47

2nd Request MOTION TO **ARREST JUDGEMENT** RULE 34

PLEADING Right to and Appointment of Counsel Rule 44

PLEADING **IN PROPRIA PERSONA**

WITH ATTACHMENTS OF VERIFIED PETITION FOR EXTRAORDINARY RELIEF
IN THE NATURE OF WRIT MANDAMUS

Defendant pleading **IN PROPRIA PERSONA (see) (Kay v. Ehrler, 499 U.S. 432)** moves
to arrest judgment of conviction, order new trial and disqualify Judge Michael Barrett from
hearing any aspect of the above-entitled case for the following reasons stated in this
motion and in its attached affidavit 144a and exhibits. This motion is filed pursuant to 28
U.S. Code § 455a Disqualification of judge, the Canons of Judicial Conduct, and state
and federal constitutional guarantees to due process of law, equal protection of the law,
and a fair hearing and trial.

This action taken is due to the trial Honorable Judge Michael Barrett intentionally violating
the defendants Civil and political rights including violations of natural justice (procedural
fairness) in law, such as the rights of the accused (the defendant), including the right to a
fair trial; due process; the right to seek redress or a legal remedy; sand rights of
participation in civil society and politics such as freedom of association, the right to
assemble, the right to petition and the right of self-defense.

A judge's immunity from liability only exists to the extent that the judge is doing the work of
the Court. If it can be proven that an act of a judge was outside his judicial role, then his
judicial immunity is compromised.

A judge is given protection to do the work of the Court as mandated under the Constitution and the Law. And his work is to try cases and make decisions that are at least an attempt to be fair but ultimately bring a case to conclusion. However, if it can be demonstrated that if the judges actions are such that a reasonable person would conclude that these actions are not part of the scope of the role of judge in society, that the judge would be acting outside his judicial authority and cannot envoke judicial immunity for these acts of judicial misconduct.

In many areas if there is a VALID complaint of judicial misconduct filed with, or being processed by, the local judicial disciplinary board, in the interest of justice a judge should recuse himself at once FOLLOWING the filing of a complaint.

The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law.

The above styled case is applicable to this court by application of Article VI of the United States Constitution and **Stone v Powell**, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. **Ed. 2d 1067 (1976)**.State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law.

The above mentioned Judge has in the past deliberately violated the defendant's personal liberties and/or has wantonly refused to provide due process and equal protection to the defendant before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings.

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, the defendant respectfully demands said judge recuse himself in light of the evidence attached as Exhibits detailing prior unethical and/or illegal conduct or conduct which gives the defendant good reason to believe the above Judge Barrett cannot hear the above case in a fair and impartial manner.

- Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. **Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988)** (what matters is not the reality of bias or prejudice but its appearance); United **States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985)** (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. Â§455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.").

- That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned." **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972)**, the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

- The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", **Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954)**. A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.
"

- Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse himself sua sponte under the stated circumstances." **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)**

- Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." **Balistrieri, at 1202**

- Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

- Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. **United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)** ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

- Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, **then the judge may have been engaged in the Federal Crime of "interference with interstate commerce"**. The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

- The defendant was a non-represented litigant, and should the court not follow the law as to non-represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he has disqualified himself.

  However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

- The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, **then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason**, and may be **engaged in extortion and the interference with interstate commerce**.

- Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

**Federal law requires the automatic disqualification of a judge under certain circumstances.**

- In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." **Liteky v. U.S.**, **114 S.Ct. 1147, 1162 (1994)**

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned." **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)**. In **Pfizer Inc. v. Lord**, **456 F.2d 532 (8th Cir. 1972**), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice.

Defendant Lance Ealy not only did not receive justice from a prejudiced judge, but he does not believe that he received justice judge Barrett, as required by law See **Pfizer Inc. v. Lord**, **456 F.2d 532 (8th Cir. 1972).**

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." **Balistrieri, at 1202** Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law.

Should Honorable judge Barrett follow the law?

Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has disqualified himself/herself. None of the orders issued any judge who has been disqualified by law are valid, they are <u>void</u> as a matter of law, and are of no legal force or effect.

However, as we know, many judges ignore the law, but by doing so, they not only attempt to harm you, the public, but they have made a mockery of the law, and have evidenced a disdain for Justices of higher courts, such as the Supreme Court and the Courts of Appeal. If judges do not have respect for other judges, why should judges expect the respect of the public?

Our Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", **Levine v.United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954)**. A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice.

A party need not file affidavits in support of recusal and the judge is obligated to recuse himself sua sponte under the stated circumstances." **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989**).

**Motion Seeking Disqualification or Recusal of Trial Judge of Court of Record.**

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

While the motion is pending, **the judge whose disqualification is sought shall make no further orders and take no further action on the case**, except for good cause stated in the order in which such action is taken.

**Availability of Interlocutory Appeal as of Right Following Denial of Disqualification or Recusal Motion.**

If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, or for determination of constitutional or statutory incompetence, the trial court's ruling either can be appealed in an accelerated interlocutory appeal or the ruling can be raised as an issue in a direct appeal following the entry of the trial court's judgment.

These two alternative methods of appeal—the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment—shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this Rule.  In both types of appeals authorized in this section, the trial court's ruling on the motion for disqualification or recusal shall be reviewed by the appellate court under a de novo standard of review, and any order or opinion issued by the appellate court should state with particularity the basis for its ruling on the recusal issue.

To affect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within fourteen days of the trial court's entry of the order.

A copy of the petition shall be promptly served on all other parties, and a copy also shall be promptly filed with the trial court clerk.  For purposes of this section, "appropriate appellate court" means the appellate court to which an appeal would lie from the trial court's final judgment in the case.

**The petition for recusal appeal shall contain:**

     (a) A statement of the issues presented for review;

     (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

     (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities; and

     (d) A short conclusion, stating the precise relief sought.

The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

The trial court or the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal.

If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court.

An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument

("Rehearing") does not apply to the appellate court's decision on an accelerated interlocutory appeal, and a petition for rehearing pursuant to that rule is therefore not permitted in such appeals.

In an accelerated interlocutory appeal decided by either the Court of Appeals or the Court of Criminal Appeals, a party may seek the Supreme Court's review of the intermediate court's decision by filing an accelerated application for permission to appeal. The application shall be filed in the Supreme Court within ten days of the filing date of the intermediate court's order or opinion. The accelerated application shall include an appendix containing: (a) copies of the petition and supporting documents filed in the intermediate appellate court; (b) copies of any answer(s) filed by order of the intermediate appellate court; and (c) a copy of the order or opinion filed by the intermediate appellate court. A copy of the accelerated application for permission to appeal shall be promptly served on all other parties

**Right to File Ethical Complaint Unaffected.**

If a defendant has an ethics complaint against an Ohio lawyer or judge for violating a rule of professional conduct, the defendant may report it for investigation. When the defendant files a written complaint, an investigation is made to determine if the attorney or judge did or did not violate the ethical rules.

1. There is sufficient evidence to prove that Judge Barrett is not an impartial or qualified judge in this case. The facts to support this motion are stated in the attached affidavit. (144a)

2. The framers of the Fourteenth Amendment stressed that the due process and equal protection clauses created a right to a fair and impartial hearing and trial. Courts have repeatedly held that an impartial judge is an indispensable element of that right. The attached affidavit shows both bias and prejudice in fact and in appearance, and a lack of legal qualification and temperament to preside in this case. Each alone is sufficient to require the judge's disqualification and recusal.

3. Due process demands a fair and impartial hearing by a neutral and detached judge or magistrate. **Gerstein v. Pugh, 420 U.S. 103 (1975); Ward v. Village of Monroevill, 409 U.S. 57, 62 (1972)**. A right to an impartial judge is so basic to due process that courts can never treat its infraction as harmless error. **Chapman v. California, 386 U.S. 18, 23 (1967)**. "...the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial..." **Berger v. United States, 255 U.S. 22, 35-6 (1921)**.

4. A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where he has a personal bias or prejudice. He may believe in his own fairness but has a duty to eliminate every semblance of reasonable doubt or suspicion that a fair and impartial trial or hearing may be denied. **Zoline v. Telluride Lodge Assn., 721P.2d 635 (Colo. 1987). See also Johnson v. District Court, 674 P.2d 952, 956 (Colo. 1984)**. Also, "we have previously noted that basic to our system of justice is the precept that a judge must be free of all taint of bias and partiality" to secure confidence of litigants immediately involved and to retain public respect and secure willing and ready obedience of the judgment. **People v. District Court, 192Colo. 503, 507, 560 P.2d 828, 831 (1977); Nordloh v. Packard, 45 Colo. 515, 521**. A reasonable question as to impartiality requires disqualification. **Wood Homes v. Ft. Collins, 670 P.2d 9 (Colo. App. 1983)**. A reasonable inference of a "bent of mind" that prevents a judge from dealing fairly with a party seeking recusal requires disqualification. **Wright v. District Court, 731 P.2d 661 (Colo.1987)**.

5. Even appearance of bias or prejudice is sufficient grounds for disqualification. It is an abuse of discretion and reversible error if that judge does not withdraw from the case even though he believes the statements are false or that the meaning attributed to them by the party seeking recusal is erroneous. **Wright, supra; Hammons v. Birket, 759 P.2d 783 (Colo. App. 1988)**. Because appearances can damage public confidence in the courts just as actual prejudice or bias, a trial judge must scrupulously avoid any appearance of bias or prejudice. **Commonwealth Coatings Corp. v. Continental Casualty Co. 393 U.S. 145 (1958)**. A judge should "recuse himself whenever...he believes his impartiality can reasonably be questioned." **A.B.A. Standards, the Function of the Trial Judge,**

6. Departure from this principle shocks the sense of justice. A party wants his case justly determined and the state should have the same interest. **People v. Hawkins, 560 P.2d 833**. When a judge so manifests an attitude of hostility or ill will that impartiality can reasonably be questioned, disqualification is mandatory. **S.S. v. Wakefield, 764 P.2d 707**. A judge ruling on a motion to disqualify himself cannot pass on the truth of the statements of fact in the motion and supporting affidavit, but <u>must</u> accept statements of fact as true.

7. The documents speak for themselves and, if legally adequate in reporting actual events and statements, compel disqualification. **Johnson, supra; also In re Goelmer, 770 P.2d 1387 (Co. App. 1989). As stated in Hawkins, supra, citing People ex re. Burke v. District Court, 60 Colo. 1, 8-9 (1915**): "The change of judge is conditioned not only upon actual fact of his prejudice, but upon the imputation of it...a judge can neither reject the pleading, nor disregard the facts alleged therein...the finding in such matter is a finding of law, and not of fact... (Thus) the change must be made, and the truth of the matter shall not be open to question." **(See attached exhibits)**

8. 28 U.S. Code § 455 does not allow the filing of counter-affidavits by the opposing party. Johnson, supra. If the judge finds the affidavit legally sufficient, he loses all jurisdiction in the matter except to transfer the case to the presiding judge. He cannot appoint the successor judge. **Aaberg v. District Court, 136 Colo. 525, 319P.2d 491 (1957). He cannot rule on pending motions or issue other orders. Upon the filing of the motion, all other proceedings in the case shall be suspended until a ruling is made thereon, or if such motion is not granted, until a writ of mandamus issues from an appeal. Burke, supra; also Brouwer v. District Court, 169 Colo. 303, 455 P.2d 207 (1969).**

9. The Defendant will remind the Court that just because he was forced to represent himself doesn't mean the Court has the right to deny him due process. Although the Court may state the Court concluded the trial in its decision on November 20th, the defendant still has the right to make post trial motions and the Court has the duty and responsibility to rule on these motions. And that the Defendant expects the Judge to uphold the Constitution as he is sworn to do and protect the fundamental rights to due process of the defendant as guaranteed by the 14th Amendment

10. Motions to disqualify do not require notice. **Bracket v. Cleveland, 147 Colo.328, 363 P.2d 1050 (1961).**

11. . There is no deadline for filing a motion under 28 U.S. Code § 455. Upon good cause, a motion may be filed when bias or prejudice become evident under **U.S. Code § 455** A judge may disqualify himself even though the proper procedures were not followed by the moving party. **Beckford v. District Court, 698 P.2d 1323 (Colo.1985).**

12. A judge should not make a response akin to a counter-affidavit regarding his disqualification. **Wright, supra.** Upon a petition for a writ of mandamus following a denial of a motion to disqualify, the Supreme Court cannot consider denials or explanations by the judge of statements of fact in the motion and supporting affidavits. **Estep v. Hardeman, 705 P.2d 523 (1985).**

13. the critical test under <u>Wakefield</u> is whether the affidavits...establish facts from which (bias) may reasonably be inferred." **<u>Goebel v. (Denver District Judge)</u>** <u>Benton</u>, 16 Brief Times Reporter 879, supreme court case 91 SA 37 Because the finding of the Court is in error the Court is obligated to rule on the motion based on its own merits. Unless the Court Intends to deliberately deny the Defendant the right to have any of his motions heard, which seems to be what the Court is saying to the Defendant in its finding, the Court is duty bound to hear and consider the legitimate motions of the .defendant Lance Ealy.

14. The court had ordered the defendant to pay for his own lawyer on august 26, 2014 and October 27, 2014 during pretrial and trial no evidence was presented by either the defendant or the plaintiff that the defendant had that kind of money. In fact the records showed that the defendant had to borrow money against his truck just to pay partial legal fees of former retained counsel Samuel Latham on November 13 2014

15. In its order the Court makes no findings that the Defendant lied to the court about his cash assets or any statement as to how the Court determined that the Defendant had cash to afford private counsel. If the Court is to let stand its Order then justice demands that the Court state how it came to the conclusion that the Defendant is able to comply with the Order of the Court The Defendant has made several attempts to give the Court the opportunity to either fix its error of ordering the Defendant to do the impossible or to at least explain its reasoning. The Court has refused to do either.

16. The Defendant then petitioned the Court to appoint trial counsel and the Court refused to act. By its refusal to act, the Court is affirming that it believes that the Defendant has cash at his disposal to retain private trial counsel. If the Court doesn't believe that the Defendant has this cash available, one can only conclude that it is the intention of the court to deliberately and maliciously force the Defendant into bankruptcy.

17. With a lack of evidence from either side indicating that the Defendant has this money, the Court is duty bound to make a finding has to how it concluded that the Defendant has the ability to pay This sum of money for a private retained counsel If the Court refuses to make this finding then it can only be concluded by reasonable people that it is the intention of the Court to deliberately drive the Defendant into financial ruin and deprive the defendant of all due processes of law.

18. The authority of the Court comes from the Constitution and the Laws passed by the Legislature. These documents define the role and authority of the U.S District Court and the duties of the Judges that serve there. It is the job of the Court to conduct a trial and to make an honest attempt at a fair and equitable judgment.

19. It is the duty of the Judges on the Court to serve the Public and to bring cases before them to conclusion. It is the duty of the Court to correct clear and obvious error when brought to the attention of the Court. And it is the responsibility of the Court to ensure as best it cans that justice is served in a fair and equitable manner. Judges take an oath to uphold the Constitution and are expected to abide by the Rules of Professional Conduct. As a Judge in U.S District Court it is your duty to do the work of a U.S District Court Judge and only that. The law does not give the Judges of U.S District Court the authority to deliberately deprive individuals of due processes of law.

20. Such an act would be seen by a reasonable person to be an act that is clearly outside all judicial authority. Clearly a U.S District Court judge does not have the right under the Law to use his position and immunities to shield him from malicious acts that are clearly outside his scope of authority.

21. But the Judge doesn't have the authority to make just any decision and walk away. The Judge is obligated under the Law to make decision that is at least possible. And when it is pointed out that he has mistakenly made a decision that isn't possible it is his duty to correct it.

22. To make a decision that a Judge, or any reasonable person, knows is impossible and to refuse to correct it will not lead to the fulfilling of the work the Court is mandated to perform. And if the Judge isn't acting in a manner that would lead to the fulfillment of his mandate, he is acting in the absence of all judicial authority In the defendants case, it has clearly been pointed out to the Court in a manner that any reasonable person can understand that it's Decision is impossible. That the Court has made obvious errors that is apparent to any reasonable person. These obvious errors were brought to the attention of the Court and were deliberately ignored. The Court was then asked to explain these errors and the Court refused to do so.

23. In fact the Court tried to deceive the Defendant by stating it lacked the authority to correct its errors. In light of this behavior of the Judge, the Defendant can only conclude that the Judge is on a mission that has nothing to do with the job the Law mandates him to perform. And if the Judge is not doing the work of the Court then the Judge doesn't have the authority or immunities of the Court and his decisions are therefore defective and invalid. Because of the obvious errors in the Decision, it is the Defendant's position that no decision has been made.

24. If the Court decides that it has the right to deny the Defendant due process by refusing to consider his post trial motions, then the Judge is refusing to do the work of the Court. If the Judge refuses to do the work of the Court then he lacks the authority and immunities of the Court.

25. If the Judge cannot or will not perform his duties as Judge then he is obligated under Law to recuse himself and get out of the way of justice.

26. **A Judge who stands in the way of justice and the law is acting outside of all judicial authority and thereby waives his rights to immunity from civil liability**. The 14th Amendment guarantees the fundamental rights of citizens to due process and such rights require strict scrutiny of the Court. The Defendant therefore puts the Court on notice that the Defendant intends to defend his rights and to hold the Court liable for acts the Court takes against the Defendant that are done in the absence of judicial authority.

27. By analogy, 28 U.S.C. Section 144 lists as a basis for disqualification: "The judge is in any way interested or prejudiced with respect to the case, the parties, or counsel."

28. 28 U.S.C. Section 144 "A judge shall accord to every person who is legally interested in a proceeding, or his or her lawyer, full right to be heard according to law." C.J.C. 2: "A judge...should personally observe high standards of conduct..." Canon 2A: "A judge should respect and comply with the law and should conduct himself or herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 3A (3): "A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers and others with whom a judge deals in his or her official capacity."

29. Canon 3C (I) deserve its own paragraph: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) A judge has a personal bias or prejudice concerning a party.

**The Supreme Court went on to say:**

Once facts have been set forth that create a reasonable inference of a "bent of mind" that will prevent the judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial judge to recuse himself. **See People v. Botham, 629 P.2d 589, 595 (Colo. 1981); C.J.C. Canon 3(C)** (1). A trial judge must accept the affidavits filed with the motion as true, even though the judge believes that the statements contained in the affidavits are false or that the meaning attributed to them by the party seeking recusal is erroneous. **Johnson v. District Court, 674 P.2d 952 (Colo. 1982**).

A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party of his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein.

A judge may disqualify himself on his own motion for any of said reasons or any party may move for such disqualification and a motion by a party for disqualification shall be supported by affidavit. Upon the filing by a party of such a motion all other proceedings in the case shall be suspended until a ruling is made thereon. Upon disqualifying himself, a judge shall notify forthwith the chief judge of the district who shall assign another judge in the district to hear the action. If no other judge in the district is available or qualified, the chief judge shall notify forthwith the court administrator who shall obtain from the Chief Justice the assignment of a replacement judge."

Because the act of appearing Pro-se, installs and grants an individual under the constitution of the United States full authority to act as an officer of the court in all matters both civil and criminal, it therefore stands to reason that an affidavit signed by an individual, pro-se and substantiated by others who were witness to the event, should bear up as having the same weight as an affidavit signed by an attorney for a litigant.

**(Fraud upon the Court)**

Fraud Upon the Court is where the Judge **(who is NOT the "Court")** does NOT support or uphold the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature" which is governed by the Rule of Law... that is, the Rules of Civil Procedure, the Rules of Criminal Procedure and the Rules of Evidence, all which is overseen by Constitutional law. The Court can ONLY be effective, fair and "just" if it is allowed to function as the laws proscribe. The sad fact is that in MOST Courts across the country, from Federal Courts down to local District courts, have judges who are violating their oath of office and are NOT properly following these rules, (as most attorney's do NOT as well, and are usually grossly ignorant of the rules and both judges and attorneys are playing a revised legal game with their own created rules) and THIS is a Fraud upon the Court, immediately removing jurisdiction from that Court, and vitiates (makes ineffective - invalidates) every decision from that point on. Any judge who does such a thing is under mandatory, non-discretionary duty to recuse himself or herself from the case, and this rarely happens unless someone can force them to do so with the evidence of violations of procedure and threat of losing half their pensions for life which is what can take place. **In any case, it is illegal, and EVERY case which has had fraud involved can be re-opened AT ANY TIME, because there are no statutes of limitations on fraud. This is a trillion dollar "justice industry" just waiting to be tapped.**

**Fraud On The Court By An Officer Of The Court" And "Disqualification Of Judges, State and Federal"**

**1. Who is an "officer of the court"?**
**2. What is "fraud on the court"?**
**3. What effect does an act of "fraud upon the court" have upon the court proceeding?**
**4. What causes the "Disqualification of Judges?"**

## 1. Who is an "officer of the court?"

A judge is an officer of the court, as well as is all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. ***A judge is not the court.*** **People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980).**


## 2. What is "fraud on the court"?

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In **Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.1985)**, the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties **or fraudulent documents, false statements or perjury (see attached affidavits)**. It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function thus where the impartial functions of the court have been directly corrupted."

Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." **Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23**. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." What effect does an act of "fraud upon the court" have upon the court proceeding? **"Fraud upon the court" makes void the orders and judgments of that court**.

## 3. What effect does an act of "fraud upon the court" have upon the court proceeding? "

Fraud upon the court" makes void the orders and judgments of that court.It are also clear and well-settled Illinois law that any attempt to commit "fraud upon the court "vitiates the entire proceeding. **The People of the State of Illinois v. Fred E. Sterling, 357 Ill. 354;192 N.E. 229 (1934)** ("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); **Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929)** ("The maxim that fraud vitiates every transaction into which it enters .In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); **Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949);**

In Thomas Stasel v. The American Home Security Corporation, 362 Ill. 350; 199 N.E. 798 (1935).Under Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect.

## 4. What causes the "Disqualification of Judges?"

Federal law requires the automatic disqualification of a Federal judge under certain circumstances.

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified. **Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).**

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. **Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988)** (what matters is not the reality of bias or prejudice but its appearance); **United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985)** (Section 455(a) "is directed against the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972)**, the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice."

The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", **Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954)**. A judge receiving a bribe from an interested party over which he is presiding, does not give the appearance of justice. Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances. "**Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989**).

Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

Judges do not have discretion not to disqualify themselves. By law, they are bound to follow the law. Should a judge not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualifies the judge. Should another judge not accept the disqualification of the judge, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect. Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. **United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996**) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law. If you were a non-represented litigant, and should the court not follow the law as to non- represented litigants, then the judge has expressed an "appearance of partiality" and, under the law, it would seem that he/she has disqualified him/herself. However, since not all judges keep up to date in the law, and since not all judges follow the law, it is possible that a judge may not know the ruling of the U.S. Supreme Court and the other courts on this subject. Notice that it states "disqualification is required" and that a judge "must be disqualified" under certain circumstances.

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, then he is acting without jurisdiction, and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce.

Courts have repeatedly ruled that judges have no immunity for their criminal acts. Since both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

**REASON TO GRANT MOTION TO ARREST JUDGEMENT & WHY MOTION FOR NEW TRIAL SHOULD BE GRANTED PURSUANT TO FEDERAL CRIMINAL RULE 12, 33, 47, 34, and 44.** This is an exceptional circumstance, where the defendant did not foresee the sudden incarceration of his self at the Montgomery county jail beginning July 25, 2014 thru October 16, 2014.the circumstances was clearly beyond the control of the pro-se litigant. **(See) Huzar v Greate Bay Hotel & Casino Inc. 375 N.J. Super 463, 868 A2d 364.**
The decision whether to grant this motion for new trial pursuant to federal criminal rule 33 lies within the broad discretion of the court and will be reversed on appeal only for an abuse of discretion. **Miller v. Lint (1980), 62 Ohio St.2d 209**.

An abuse of discretion notes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. **Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219**. For judge Barrett to have forced the defendant to go to trial even thou the trial judge revoked the defendants bond and incarcerated him on July 25 2014 then denied the defendant a bond until October 16 2014, then denied the defendant effective assistance of trial counsel and continuance of trial on October 27 2014,then forced the defendant to pick a jury on October 28 without the assistance of competent counsel ,then on November 3 2014 forced the defendant to go to trial without the assistance of competent trial counsel shows that Judge Barret impartiality might reasonably be questioned (see) **Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).(see also) In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972 .**the Court stated that "It is important that the litigant (pro-se) not only actually receive justice, but that he believes that he has received justice. Accordingly the defendant's motion for an enlargement of time and or continuance of trial should have been granted on October 27, 2014 **(See) Glover v. Haferman 2006 WL 1388753 (E.D. Wis). See also Myles v.Sapta supra**.

Standby counsel stated himself the defendant did not receive discovery until September 10; 2014.The Discovery in this case is voluminous between 20,000 and 30,000 pages.

On October 27 2014.judge Barrett knew the first 1,500 pages of 30,000 pages discovery was first delivered on September 10, 2014 while the defendant was in custody at Montgomery county jail for which the defendant a *pro se* litigant, was Not adequately able to prepare for trial with the restrictions imposed upon the access to his discovery by Montgomery county jail and thus recently being released from jail October 16, 2014.

The defendant filed a bar complaint against standby attorney Thomas Anderson a licensed attorney in Dayton Ohio which created a conflict of interest between the defendant and standby attorney requiring the attorney to withdraw from the defendants case or required the trial court to substitute or appoint new stand by counsel where Thomas Anderson omitted to being ineffective and omitted to sharing the defendants conversation with the government without the consent of the defendant which led to a bar complainant having been filed against him for the intentional objective to violate the law under the Sixth Amendment.

The opposing party the U.S attorney's office did not oppose the requested continence of trial the defendant had sought on October 27, 2014. The Government agreed that and made the following statements on 09/19/2014 ""The United States notes, however, that Ealy appears to be seeking a continuance of the October 27, 2014 trial date. On the second page of this filing, Ealy references the **Speedy Trial Act, 18 U.S.C. § 3161**, and asks for "setting this matter under a new trial schedule" as well as an "ends of justice order.

Although the United States is prepared to move forward on October 27, 2014, in light of this filing and previous statements made by Ealy during the September 11, 2014 status hearing and his September 16, 2014 arraignment regarding the need for additional time to review the discovery in this matter; **the fact that this case has been designated a complex case under 18 U.S.C. § 3161(h)(7)(ii);** and Ealy's representations that he is seeking a "forensic expert" but has yet to retain one, the United States represents that **it would not oppose – if Ealy in fact is seeking one – a continuance**. In addition to this issue, it presently remains unresolved whether Ealy wishes to proceed by a jury or bench trial and whether he has **retained counsel"?**

(Pursuant to Rule 33**) a New Trial** should be granted based on the affidavits of Ashlie & Brittnie Mansfield and Anshawn Esmond where in those affidavits all three witness admitted to giving false and perjured testimony against the defendant Lance Ealy.(**See attached affidavits)**

The trial judge had knowledge that witnesses Ashlie Mansfield and Anshawn Esmond both of Dayton Ohio gave falsified and perjured testimony while under oath to the grand jury on February 27, 2014, the false and malicious testimony resulted in the indictment and the malicious prosecution of the defendant Lance Ealy.

Court appointed counsel withheld **Excusable evidence from the defendant which confirmed his Excusable negligence**. Court appointed Counsel inability to retrieve full discovery which was voluminous 20,000 to 30,000 pages of discovery confirmed his ineffectiveness/incompetence and hindered the defendant from preparing a defense for himself and trial where Court appointed counsel Thomas Anderson should have had retrieved full discovery the same day he was appointed by the trial court May, 21, 2014.

In this matter it's the gross ineffectiveness/incompetence of appointed counsel Thomas Anderson who was appointed Judge Michael Barret (**See) *Kimmelman v. Morrison, 477 U.S. 365 (1986)*. (Also see) *Strickland v. Washington***

The judicial misconduct of appointed counsel Thomas Anderson resulted in the defendant receiving discovery September 10, 2014. At this date September 10, 2014 the defendant was in custody at the Montgomery county jail

Trial court violated the defendants due process clause of the 5, 6,and14 Amendment by depriving the defendant the assistance of a effective trial counsel and forcing Thomas Anderson onto the case as stand by counsel who has no trial experience in this type of criminal case.

The defendant **claimed** multiple times on the record he is not competent to represent himself and has become mentally ill due to the stress and strain of the case which consisted of 30,000 pages of discovery and the trial was expected to exceed thirty days.

The trial court violated the defendant's 6th amendment right to waive jury trial. The defendant consented to forgo a jury trial in writing on October 23, 2014 voluntary, knowing and intelligently. The government did not oppose to waive the jury trial and consented to waiving the jury trial on October 27, 2014 status hearing (on the record).

The defendant waived the right to jury trial because he believed that the criminal issues of the trial were so terrible that they would have influenced the jurors into seeking punishment regardless of the evidence. There was a chance that the defendant could have been found not guilty because of a legal technicality. A bench trial which is litigated by a judge may have been able to understand the legal issues better than the jurors, who may get confused by the law. The trial Judge intentionally violated the defendants Civil and political rights including violations of natural justice (procedural fairness) in law, such as the rights of the accused (the defendant), including the right to a fair trial; due process; the right to seek redress or a legal remedy; and rights of participation in civil society and politics such as freedom of association, the right to assemble, the right to petition and the right of self-defense.

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc**.

On the defendant's motion for new trial and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

 **(1)**mistake, inadvertence, surprise, or excusable neglect; **(2)** newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 33 fraud whether there denominated intrinsic or extrinsic),**(3)** misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or any other reason justifying relief from the operation of the judgment.

The motion for new trial is being made within a reasonable time, and for reasons **(1), (2), and (3**) in the above paragraph thus not more than 3 years after the judgment, order, or proceeding was entered or taken.

A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.

**28, U.S.C., § 1655,**

Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Since Judge Barrett did not disqualify himself from the defendant's case in chief on September 05, 2014**(see affidavit of disqualification),** Judge Barrett violated the defendant's right to Due Process Clause of the U.S. Constitution. **(See) United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)** ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Judge Barrett did not have the discretion not to disqualify himself. By law, he was bound to follow the law. Because Judge Barrett did not disqualify himself as required by law, then the judge has given another example of his "appearance of partiality" which, possibly, further disqualified Judge Barrett. Should another judge not accept the disqualification of Judge Barrett, then the second judge has evidenced an "appearance of partiality" and has possibly disqualified himself/herself. None of the orders issued by Judge Barrett who had been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Due process demands a fair and impartial hearing by a neutral and detached judge or magistrate. **Gerstein v. Pugh, 420 U.S. 103 (1975)**; **Ward v. Village of Monroevill, 409 U.S. 57, 62 (1972)**. A right to an impartial judge is so basic to due process that courts can never treat its infraction as harmless error. **Chapman v. California, 386 U.S. 18, 23 (1967)**. "...the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial..." **Berger v. United States**, 255 U.S. 22, 35-6 (1921).

The defendant was not able to exercise his right to a fair trial because Honorable Judge Michael Barrett intentionally violated the defendants Civil and political rights including violations of natural justice (procedural fairness) in law, such as the rights of the accused (the defendant), including the right to a fair trial; due process; the right to seek redress or a legal remedy; sand rights of participation in civil society and politics such as freedom of association, the right to assemble, the right to petition and the right of self-defense.

The U.S. Constitution does NOT give anyone the right to a lawyer or the right to counsel, or the right to any other HEARSAY SUBSTITUTE. **The 6th Amendment is very SPECIFIC, that the accused ONLY has the right to the ASSISTANCE of counsel and this ASSISTANCE of counsel CAN BE ANYONE THE ACCUSED CHOOSES WITHOUT LIMITATION.** The defendant chose the assistance of Counsel Craig Weintraub of Cleveland Ohio. Trial judge Barret denied the defendant the assistance of Counsel Craig Weintraub on October 27,2014 which thus Hon. Judge Barrett violated the defendants 6th Amendment right to the constitution.

**Vindictive prosecution of AUSA Office (Dayton OHIO)**

Former attorney Samuel Latham was informed by prosecution team member **Alex Sistla** the arrest & Indictment (home confinement) against the defendant April 10th 2014 was handled in this cruel manner to quote "**Show Lance Ealy who is boss**". (Clearly this established retaliation and Malice by the prosecution.) **SEE Genito v. Rabinowitz, 92 N.J.Super. 255 (app.div.1966).**

Lance Ealy received a complaint for 18 USC 1029(a) intent to defraud, possess fifteen or more devices that were counter fit and unauthorized access devices affecting interstate and foreign commerce on October 28, 2013. After spending substantial time trying to get the defendant to cooperate the AUSA returned a superseding indictment against the defendant?

(1ss)

18 U.S.C. § 287 - False, fictitious or fraudulent claims
(2s-12s)

18 U.S.C. § 287 - False, fictitious or fraudulent claims
(2ss-12ss)

18 U.S.C. § 1343 - Wire Fraud (13s-23s)

18 U.S.C. § 1343 - Wire Fraud
(13ss-23ss)

18 U.S.C. § 1028A(a)(l) - Aggravated Identity theft
(24s-34s)

Aggravated Identity theft
(24ss-34ss)

18 U.S.C. § 1343 - Wire Fraud
(35s-37s)

18 U.S.C. § 1343 - Wire Fraud
(35ss-37ss)

18 U.S.C. § 1341 - Mail Fraud
(38s)

18 U.S.C. § 1341 - Mail Fraud
(38ss)

18 U.S.C. § 1028A(a)(l) - Aggravated Identity theft
(39s-41s)

18 U.S.C. § 1 028A(a)(l) - Aggravated Identity theft
(39ss-41ss)

18 U.S.C. § 1029(a)(2),(b)(l) - Access Device Fraud

(42s)

18 U.S.C. § 1029(a)(2), (b)(l) - Access Device Fraud (knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period to obtain anything of value aggregating more than $1,000 during that period) (42ss

Samuel Latham first told the defendant that (quoting) "if you do not cooperate with the government that they will precede to getting a superseding indictment and that they would guarantee to get the superseding indictment because you are black. The government will present the case to the grand jury saying look at this black person scamming all of these people." (quoting finished)

Samuel Latham never investigated the government's allegations or filed any pretrial motions on the defendant's behalf. Samuel Latham never retrieved discovery from the prosecution what so ever.

The defendant filed a motion to terminate Samuel Latham on February 19, 2014 along with Motion to suppress, motion for discovery, motion for subpoena ducas tecum.

The second indictment that was filed April 10th 2014 was absent of any new incidents or additional evidence.

See **United States v. Groves, 571 F.2d 450,452-53 (9th Cir. 1978)** (prosecutor maintained that felony charges were brought after defendant did not live up to Agreement to cooperate with federal agents. This argument is valid because the defendant had told agents from the outset he would not testify). See **18 U.S.C.A. § 3161(b) (supp. 1983)** The defendant Lance Ealy refused to cooperate with federal agents thus the prosecutor seeked to punish the defendant.

See also , **United States v. Peters, 625 F.2d 366 (10th Cir. 1980**) defendant Lance Ealy alleges additional charges brought April 10th 2014 because he would not incriminate another person

Vindictive prosecution" occurred when the prosecutor brought additional charges solely to punish the defendant for exercising his constitutional or statutory right, such as the defendant's right to effective assistance of counsel. **U.S.C.A. Const.Amend. 6 U.S v. Vandoren, 182 F.3d 1077**

A person's criminal record or involvement in criminal activity is a recognized factor bearing on a prosecutor's charging decision. See ABA STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION, §§ 3.9, 1.1, 2.5 (Approved Draft 1971); UNITED STATES DEP'T OF JUSTICE, PRINCIPLES OF FEDERAL PROSECUTION, 9 (1980) (hereinafter PRINCIPLES OF FEDERAL PROSECUTION) Defendant Lance Ealy has no criminal history what so ever.

The actions by the government in this case have amounted to a penalty associated to a pending case without a plea or conviction in place.

There is a question of law where this courts review is unlimited. See **Memorial Hospital ass'n, Inc v. Knutson, 239 Kan. 663,668,722 P.2d 1093 (1986).**

Mr Ealy have been subjected to multiple punishments' for the same alleged offense in this case. **See State v. Cady, 254 Kan. 393,396,867 P.2d 270 (1994) (citing Brown v. Ohio, 432(1977)**

The United States Supreme Court consolidated two Untied States Court of Appeals cases from the Ninth and Sixth circuits.

When the Government Placed actions against the defendant of cruel and unusual punishment during an arrest, then clearly the defendant has been pre- punished for a pending crime, and therefore any punishments placed upon the defendants in the future for the same alleged crime would constituted a violation of the fifth amendment right of the defendant.

The prosecutor Alex Sistla has knowingly presented the courts with false information, direct perjured, falsified testimony by grand jury witnesses Anshawn Esmond and Ashlie Mansfield before the Grand jury on February 27,2014 case number (3:13mj0047). **(See attached affidavits of Anshawn Esmond and Ashlie Mansfield)**

It was established on October 27th, 2014 status hearing before the Honorable Judge Michael Barrett that the testimony by Anshawn Esmond and Ashlie Mansfield before the Grand Jury on February 27,2014 was egregious and riddled with false accusations against the defendant Lance Ealy. The perjured testimony presented to the Grand Jury should have rendered the April 10th, 2014 indictment not constitutionally valid. To be constitutionally valid, an indictment "must allege lucidly and accurately all the essential elements of the offense **endeavored** to be charged.**(See) "State v. Greer, 238 N.C. 325, 327, 77 S.E.2.d 917,919 (1953**) **(See attached affidavits of Anshawn Esmond and Ashlie Mansfield)**

The purpose of the evidence presented before a Grand Jury is to determine if a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt. **United States v. Parr, supra at 463-64: see also, United States v. Goss, 650 F.2d 1336, 1341-42 (5th Cir. 1981**)

To comport with our criminal Procedure Act, an indictment must "assert facts supporting every element of a criminal offense and the defendants' commission thereof with sufficient precision clearly to apprise the defendant of the conduct which is the subject of the accusation. "**N.C. Gen. Stat 15A-924(a)(5)(2006)**

**18 U.S.C 1001 (1976) Provides:**

"Whoever, in any manner within the jurisdiction of any department or agency of the United States Knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both".**(See affidavits of Anshawn Esmond, Brittnie Mansfield and Ashlie Mansfield)**

**(AUSA) ALEX SISTLA VIOLATED THIS SECTION (18 U.S.C 1001 (1976) OF THE UNITED STATES CODE. (See sworn affidavits of Anshawn Esmond, Brittnie & Ashlie Mansfield)**

The giving testimony to the Grand Jury of Anshawn Esmond and Ashlie Mansfield was "patently false and misleading in material respects and undoubtedly led to the erroneous indictment of the **Defendant Lance Ealy** on April 10th 2014. **(See attached affidavits of Anshawn Esmond and Ashlie Mansfield)**

The use of false and perjured testimony cannot be reasonably explained or justified, and the Use of such evidence is an affront to our justice system and a deprivation of the defendants Lance Ealy's most basic and inalienable rights.

Defendant Lance Ealy Again moves pursuant to rule 12 of the Federal Rules of Criminal Procedure, that the Court should dismiss the April 10th 2014 indictment due to the governments misconduct in knowingly and/or recklessly presenting false, misleading material testimony before the Grand Jury on February 27,2014 (**See sworn affidavits of Anshawn Esmond, Ashlie Mansfield)**

The defendant had previously moved to dismiss the April 10, 2014 indictment on October 20, 2014 pursuant to Federal Rules of Criminal Procedure Rule 12& 47. Motions and Supporting Affidavits. **See document 120. Supplement motion to suppress. Referencing the original motion to suppress. See docket 113(see affidavits)**

The requested motion to suppress evidence and to dismiss the April 10, 2014 indictment was denied by Judge Barrett even thou the defendant had shown **by a Preponderance of evidence** that the April 10, 2014 indictment was invalid because of the false testimony of **Anshawn Esmond, & Ashlie Mansfield** presented To the grand jury on February 27, 2014 **(See Attached affidavits) of Anshawn Esmond, & Ashlie Mansfield**

As stated previously, the Government has failed to investigate and indicted this case by making deals and failing to responsibly and carefully examine each individual's actions

and each individual's words.

While the law of conspiracy may be broad in scope in the defendants case, its breadth is not limitless, and the Government must show each individuals willful and knowing involvement in an unlawful agreement with convincing, reliable and honest evidence beyond mere **hearsay** and speculation.

The United States Supreme Court has recognized that prosecutorial misconduct can justify the dismissal of an indictment """"" if it established that the violation substantially influenced the grand jury's decision to indict or if there is "grave doubt that the decision to indict was free from the substantial influence of such violations.**( See) Bank of Nova Scotia v United States, 487 U.S. 250,256 108 S.Ct. 2369, 2374 (1988) (quoting United states v. Mechanik, 475 U.S. 66,78,106 S. Ct. 928, 945-46(1986) See also United States v. Williams, 504 U.S 36,46 & n.6 112 S. Ct. 1735, 1741(1992) also see (attached affidavits of Anshawn Esmond and Ashlie Mansfield)**

This district courts supervisory power can be used to dismiss the governments returned April10 2014th indictment against the defendant Lance Ealy because of misconduct before the grand jury on February 27th 2014, at least where that misconduct amounts to violation of one of those few, clear rules which were promulgated by Supreme Court and Congress to ensure integrity of grand jury's functions, such as prohibitions against false declarations before a grand jury and subornation of perjury.**(citing, inter alia, Bank of Nova Scotia) : United States v. Vallie, 284 F.3d 917,921 (8th Cir.2000)**

"An indictment cannot be based on perjured testimony, and the government may not use perjured testimony at trial if there is a reasonable chance that it would affect the jury's judgment.

The Court should in the name of Justice and respect for the integrity of the courts and Justice system as a whole dismiss the Indictment returned against the defendant Lance Ealy April 10th 2014 based on the governments misconduct in knowing and /or recklessly presenting false and misleading testimony to the grand jury on February 27, 2014**(See attached affidavits of Anshawn Esmond and Ashlie Mansfield)**

## DEFENDANTS LEGAL STAND POINT

To punish a person because he has done what the law plainy allows him to do is a due process violation of the most basic sort.  **Bordenkircher v. Hayes, 434 U.S 357, 363 (1978).**

Although a prosecutor has broad discretion in his charging decisions, there are two important limitations on this authority. First, a prosecutor may not bring charges with a vindictive motive, since penalizing those who choose to exercise constitutional rights, would patently be unconstitutional...**NORTH CAROLOINA v, Pearce, 395 U.S. 711,**

**724(1969), overruled on the grounds by Alabama v. Smith, 490 U.S.794 (1989) (quoting United States v. Jackson,390 U.S. 570,(1989) See Guam v. Fegurgur, 800 F.2d 1470, 1473 (9th cir.1986)**
Nor may a prosecutor selectively enforce the law based on race, religion or some other arbitrary classification, including the exercise of rights under the First Amendment. **Guam, 800 f.2d at 1473: UNITED STATES v. P.H.E Inc 965 F2d.**

Though similar, vindictive prosecution and 1 selective prosecution is filed herewith.**848, 849 (10th Cir. 1992)**

No evidence of actual bad faith is necessary to establish the Claim of Prosecutorial Vindictiveness. **See Blackledge v. Perry, 417 U.S. 21,28 (1974): See also United States v. Groves, 571 F.2d 450, 454 n.1 (9th Cir. 1978); United States v. Demarco, 550 F2d 1224, 1227 (9th Cir.1977) see also United States v. Ruesga- Martinez, 534, 1367,1369 (9th Cir 1976**).

The mere appearance of vindictiveness is enough to place the burden on the +prosecution. Once the **Defendant Lance Ealy** showed that the charges had increased after he exercised his constitutional or statutory right, the defendant has demonstrated an appearance of vindictiveness. On the part of the prosecutor. **Untied States v. Shaw, 655 F.2d 168, 171 (9th Cir. 1981) (citing United States v. Groves 571 F.2d at 453)**

With this prima facie showing, or other evidence of a realistic likelihood of vindicteness. Vindicteness is presumed and the burden shifts to the government to prove that the increase in the severity of the charge was not based on a vindictive motive. **See United States v. Spiesz, 689 F.2d 1326 1328 (9th Cir. 1982): shaw, 655 F.2d at 171 See also United States v. Burt, 619 F.2d 531, 536 (9th Cir. 1980): See also Ruesga-Martinez, 534 F.2d at 1369** (when prosecution reindicts the accused after he exercises a procedural right.)

The prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive.

An indictment must be dismissed if there is a finding of actual vindictiveness, or if there is a presumption of vindictiveness that has not been rebutted by the objective evidence justifying the prosecutor's action.

The Indictment must be dismissed. **United States v. Johnson, 171 F.3d.139, 140(2d Cir.1999) (per curium) see Spiesz, 689 F.2d at 1328**

 Piling on additional charges and indictments against the defendant Lance Ealy for exercising his rights constitutes paradigmatic example of vindictive prosecution **United States v. P.H.E 965 F.2d 848, 853 (10th Cir. 1992)** holding that a prosecution motivated by a desire to discourage expression protected by the First Amendment is barred and must be enjoined or dismissed, irrespective of whether the challenged action could

possibly be found to be unlawful) **United States v. Adams, 870 F.2d 1140, 1145 (6th Cir. 1989) (see also exhibits of pro-se motions filed)**

The Broad discretion accorded prosecutors in deciding who to prosecute is not unfettered, and a decision to prosecute may not be deliberately based upon the exercise of protected statutory rights. **See Brooks v. United States, 450 U.S 927(1981)** stating that a court must reconcile the rule that a prosecutor has broad discretion to file charges where there is probable cause with the rule that vindictive conduct by prosecutors is unacceptable and requires control) **See also City of Houston v. Hill 482 U.S 451, 462-63(1987)**

The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

If there is any doubt from the prosecutor's words or actions that this prosecution is vindictive, the sequence of ongoing events since October 28, 2013 confirms this.

As in other cases where courts have dismissed indictments due to prosecutorial vindictiveness, AUSA Alex Sistla of DAYTON OHIO have repeatedly responded more harshly and vindictively in response to the defendant LANCE EALY continued assertion of his statutory rights. **See Groves.571 f.2d at 453-54; Demarco, 550 F.2d at 1227-28: See also Spiesz 689 F.2d at 1328**

A claim for vindictive prosecution arises when the government increases the severity of alleged charges in response to the exercise of constitutional or statutory rights the result in the defendants Lance Ealy case ought not to be different.

As if the fact the prosecutors have continuously retaliated with harsh treatment, staged an IRS investigation, interfered with the defendant's ability to make a living, and had Mr Ealy repeatedly arrested and subjected to searches**(January 29,2014)** while the defendant was not properly represented by any counsel what so ever

There is additional direct evidence that the prosecutors in the defendant's case continued to be vindictive against the defendant Lance Ealy by filing a third indictment based on alleged mis use of a credit card September 11, 2014.

That statute, which the charges do not fall under, based on a state investigation in Clark County which should not have merited Federal Charges.

After a hearing on July 25, 2014 revealed no evidence of wrong doing by the defendant Lance Ealy. See Transcripts of bond revocation hearing.
A writ of habeas corpus was filed challenging the judges jurisdiction to revoke said bond see case No. 3:14cv263 the defendant father Larry Ealy executed the writ on September 12 2014 Court employee oat the clerk's Office informed Larry Ealy that Brad Bierman had informed him that Judge Dlott of the Southern District of Ohio had ruled Larry Ealy a

vexatious litigator and the writ was to be dismissed by Thomas Rose.

Butler also stated that Bierman had been in contact with Barrett and knew that the Petition was to be dismissed.

Larry Ealy informed his son that Susan Dlott, Thomas Rose and had met with the City if Dayton to use the vexatious litigation act to short circuit the fourth amendment claims established in State Court.

The District Court conspired against Larry Ealy to subvert the Bill of Rights and Federal Constitution the damages and injuries found in 90cv159 where Larry Ealy had been assaulted by several Dayton Police.

Fraud was established in the Court that took Larry Ealy's 20 million dollar settlement and now that the fraud has existed Walter Herbert Rice confirmed in case N0. 09-3422 that ex-parte communication was held.

The fraud also including Alice M. Batchelder and R. Guy Cole of the Sixth Circuit Court of Appeals in case N0. 11-3597 the Sixth Circuit who deprived Larry Ealy of his fourth fifth Sixth and Fourteenth Amendment Rights to be free from malicious prosecution and false arrest.

As confirmed by Butler Judge Barrett had met with several agents and have enjoined himself in the conspiracy where he met with agent's ex-parte including Thomas Rose, Michael R. Merz and Susan Dlott.

Judge Barrett this Judge have obstructed Justice And should face impeachment for the crimes committed and other high crimes and misdemeanors in Federal Court.

In **Wright v. United states, 732 F.2d 1048 (2d Cir. 1984**), The Court established that a defendant has a constitutional right to a disinterested prosecutor, and that a prosecutor is not disinterested if he has or is under the influence of others who have an axe to grind against the defendant Lance Ealy as stated.

The prosecutor here as acted as a stalking horse against Lance Ealy and is no way Disinterested after having met with the trial Judge ex-parte.

Lance Ealy believes he has proven beyond a reasonable doubt that the prosecutions behavior along with the trial Judge and admissions regarding the reasons for this prosecution and the new charges, standing alone, requires that the indictment be dismissed and thus respectfully requested once again.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Defendant Lance Ealy has repeatedly brought the denial of Due Process to the attention of the ineffective assistance of counsel Thomas Anderson, but he had refused to acknowledge that this is not normal procedures or that there is anything wrong with it.

Defendant was never allowed to have timely prompt Probable Cause Hearing or an Adversarial Preliminary Hearing concerning the alleged new charges while on pretrial bond. The hearing was delayed for 99 days but the ineffective assistance of counsel told the Defendant that he would not file a frivolous motion for an evidentiary because he, Thomas Anderson, wanted to keep his Bar Card. This again is ineffective assistance of counsel when there was no investigation into the allegations of the government by Thomas Anderson.

The ineffective assistance of counsel had refused to advice Defendant that a "Notice of Expiration of Speedy Trial" could have been filed when Defendant filed his first Pro se Motion on July 24, 2014, second one on august 25, 2014, and third one on September 05, 2014.

Defendant has constitutionally guaranteed rights to "effective assistance of legal counsel," but it has been denied thus far, and all Defendant has had available have been ineffective.

Public Defender Thomas Anderson had told the Court that he was ready to assist the defendant at  trial as standby by counsel only, but he has never discussed the facts of the case with the Defendant

The judicial misconduct of appointed counsel Thomas Anderson resulted in the defendant receiving discovery September 10, 2014. At this date September 10, 2014 the defendant was in custody at the Montgomery county jail. The Discovery in this case is voluminous between 20,000 and 30,000 pages. Montgomery county jail restricted the amount of pages that could have been made available to the defendant at a time which was 1,500 double sided pages. The first 1,500 pages of 30,000 pages discovery was first delivered on September 10, 2014 while the defendant was in custody at Montgomery county jail. The Defendant has **claimed** multiple times on the record he is not competent to represent himself and has become mentally ill due to the stress and strain of the case which consisted of 30,000 pages of discovery and the trial was expected to exceed thirty days. On august 26, 2014 the Federal Public Defender Thomas Anderson was terminated due to his ineffective and incompetence. Judge Barrett refused to appoint trial counsel on august 26, 2014 and forced the defendant to be a pro-se litigant.

The reasoning for terminating Thomas Anderson Appointed counsel was because he refused to file any pretrial motions on the defendant's behalf and refused to retrieve any discovery related to the defendant's case in chief. Because of the ineffective assistance acts of appointed counsel refusal to retrieve discovery, and withholding **excusable evidence** from the defendant, Court appointed Counsel Thomas Anderson violated the defendants **5th amendment right to due process of the law**.

The defendant a *pro se* litigant, was Not adequately able to prepare for trial with the restrictions imposed upon the access to his discovery by Montgomery county jail and thus recently being released from jail Oct 16, 2014 which up until this date the defendant has not seen full discovery or does not know all opposing evidence against him which is a violation of the defendants **5th amendment** right.

Appointed counsel Thomas Anderson confirmed and made it clear that he could not try a case of such magnitude involving 1,300 defendants including Court Ventures and Credit Score Giant Experian and several Multi-Million Dollar Banking Corporations across the United States. **See docket 63 complex case designation**

Hon Judge Barrett should have known by assigning an incompetent attorney with no trial experience what so ever would force the trial in favor of the prosecution. Anderson has been forced to remain on the case as stand by counsel regardless of his in experience to conduction trials of such magnitude

Anderson expressed the desire to be withdrawn but the trial Judge continued to force him on the case as stand by counsel

The Defendant had filed several motions to withdraw Thomas Anderson from this matter all petitions were denied by Judge Barrett.

The Defendant Filed a motion to terminate Appointed Counsel Thomas Anderson on July 24, 2014.The defendant had his bond revoked by the judge Barrett on July 25, 2014. On august 26, 2014 there was a status hearing concerning the bond of the defendant and Motion to terminate appointed counsel Thomas Anderson. The defendant asked Judge Barrett to appoint competent trial counsel and asked Judge Barrett for a cash bond. Judge Barrett denied the defendant appointed trial counsel and forced the defendant to be a pro-se litigant. Judge Barrett also denied the defendant a bond on august 26, 2014 and continued to deny the defendant a bond until October 16 2014

How could standby counsel Thomas Anderson claimed to be ready for trial to represent someone that he doesn't know, nor does he even know what law or laws the defendant have been accused of violating.

The Defendant had an absolute right to effective assistance of counsel, but he had been denied that right by the Court with the appointment of Attorney Thomas Anderson May, 21, 2014

The failure to prosecute resulted from sources other than the Defendant, and he should not be penalized for the omissions or the insufficiently justified delays between arrest and trial.

The Said delays seriously injured and prejudiced the Defendant by violating the Defendant's constitutionally guaranteed rights to due process and speedy trial, and the ineffective assistance of appointed counsel did not attempted to protect the Defendant's rights.

Said delays have critically impaired the Defendant's defense by dimming memories and directly causing the potential loss of exculpatory evidence, thereby subjecting Defendant to oppressive pre-trial conferences and mandatory docketing and reflecting prejudice against Defendant

Regardless of any contentions by Government minions that said delay arose as a result of Defendant continuances or tactical defense decisions, the Government bears the burden to avoid prosecutorial neglect by initiating prosecution within said time frame

Any continuance requested **(October 27, 2014)** by Defendant Lance Ealy arose as a result of the ineffective assistance of counsel. The obstruction of due process either through direct and intentional obfuscation, incompetence, disorganization, negligence, or constructive lack of cooperation, and said obstruction made it impossible for Defendant to obtain either just treatment procedural due process, or a speedy trial by the Government.

The Government had the obligation to dismiss with prejudice the charge(s) against Defendant, and immediately to release Defendant from this complaint in the instant case; Defendant had the absolute right to a dismissal with prejudice and to immediate and complete liberation.

Failure to dismiss and discharge Defendant would seriously undermine the constitutional principles of a fair and impartial trial without delay, thus creating a miscarriage of justice.

Defendant's attendance at a pretrial conference before Judge Michael Barret on October 27, 2014, raised questions in Defendant's mind as to Judge Barrett fairness and impartiality when he denied the Defendant the right to assistance of effective counsel **(Craig Weintraub)** and denied the defendant a continence of trial thus telling the truth and pointing out the due process violations.

Defendant's ineffective assistance of standby by Counsel Thomas Anderson did nothing to address the obvious bias in favor of the prosecution attitude demonstrated by Judge Barrett when he after giving the Defendant permission to ask questions cut him short and ordered him not to say anything else about being denied the right to effective assistance of counsel. On October 27, 2014, this indicated that the Judge had had some previous conversation with someone prior to the hearing about the case because of the statement about having looked over the case. (**Exparte Communication**)

Judge Barrett stated on October 27, 2014, that Defendant had gone through all of the processes to resolve the matter of trial counsel and the review of discovery which was 30,000 pages (see attached exhibits) and that since all of the processes had failed to resolve that now it was time for the defendant to go to trial. There is NO Court record to support any part of the statements made by Judge Barrett. His statement was based completely on hearsay evidence that the defendant had reviewed over 30,000 pages of discovery since first receiving the first part of discovery on September 10, 2014 and not of his personal knowledge.

The Sixth Amendment to the Constitution provides the authority and power for a Court to deprive an accused of procedural due process only when the waiver can be verified on the record, and not when the waiver of the right is only presumed

Defendant's ineffective assistance of counsel would not adopt Defendant's motion to dismiss for failure to grant a speedy trial because he believed in error that Defendant had waived his rights because of the hearsay evidence he had received. The record does not support his belief

## ARGUMENT AND MEMORANDUM OF LAW

### Rule 44. Right to and Appointment of Counsel Effective ASSISTANCE OF COUNSEL

Assistance of counsel Representation by a lawyer in a criminal case. The phrase in its modern uses derives from the Sixth Amendment: "In all criminal prosecutions, the accused shall Enjoy the right .to have the assistance of counsel for his defense." **U.S. Const. amend. VI. See RIGHT TO COUNSEL. [Cases: Criminal Law 641.13. C.J.S. Criminal Law §§ 304–305**.]

Effective assistance of counsel. A conscientious, meaningful legal representation, whereby the Defendant is advised of all rights and the lawyer performs all required tasks reasonably according to the prevailing professional standards in criminal cases. **See Fed. R. Crim. P. 44; 18 USCA §3006A**.

The law is in flux on precisely what constitutes the 'effective' assistance of counsel. The

Supreme Court has yet to set forth a definitive standard, and lower courts have adopted differing ones.

Prior to the 1970s the most common standard was the 'mockery of justice' standard, under which counsel's assistance was 'ineffective' only when it was so inadequate that it reduced the trial 'to a farce' or rendered it a 'mockery of justice.' Since that time, most courts have abandoned this formulation in favor of more stringent requirements, stipulating, for example, that 'counsel must exercise the normal skill and knowledge which normally prevails at the time and place' (**Moore v. United States, 432 F.2d 730 (3d Cir. 1970**)), that counsel must render the 'reasonably competent assistance of an attorney acting as his diligent advocate' **(United States v. Decoster, 487 F.2d 1197(D.C. Cir. 1973)),** or that counsel's representation must be 'within the range of competence demanded of attorneys in criminal cases' (**Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977)).** All of these new standards beg the questions of what traditional level of practice is to be regarded as customary,' 'diligent,' or 'reasonable.' Thus, little has been definitively resolved by the new, higher standards." **Arval A. Morris, "Right to Counsel," in 1 Encyclopedia of Crime and Justice 278, 283 (Sanford H. Kadish ed., 1983)**. Ineffective assistance of counsel. A representation in which the defendant is deprived of a fair Trial because the lawyer handled the case unreasonably, either by performing incompetently or by not devoting full effort to the defendant, because of a conflict of interest. • In determining whether a criminal defendant received ineffective assistance of counsel, courts generally consider several factors: (1) whether the lawyer had previously handled criminal cases; (2) whether strategic trial tactics were involved in the allegedly incompetent action; (3) whether, and to what extent, the defendant was prejudiced as a result of the lawyer's alleged ineffectiveness; and (4) whether the ineffectiveness was due to matters beyond the lawyer's control.
"

The Sixth Amendment right to assistance of counsel has been held to imply the 'right to the effective assistance of counsel. The Court has often said that the converse — ineffective assistance of counsel is a constitutional denial of the Sixth Amendment right, even if the lawyer has been retained by rather than appointed for the defendant. 'Ineffective' does not necessarily mean incompetent or unprepared; it means an inability to perform as an independent lawyer devoted to the defendant.... However, counsel's assistance is not necessarily ineffective because the lawyer made mistakes. Only very serious errors, such as would likely have produced an entirely different outcome at trial, will suffice to require a new trial." **Jethro K. Lieberman, The Evolving Constitution 263– 64 (1992).**

Amendment 6 to the United States Constitution, Amendment 6, and, guarantee a speedy trial to every person charged with a crime. Attorney Thomas Anderson had been ineffective assistance of counsel and doesn't believe in anything told to him by the Defendant. The Defendant can't tell if he doesn't believe because he doesn't believe, or that he has been told not to believe. He was ineffective regardless of his reasons for his beliefs. Defendant wanted him replaced with someone that could have been effective **(Craig Weintraub)** in insuring procedural due process. Defendant did not believe that he

can do any worst all by himself. Defendant is of the opinion that nothing plus nothing equals nothing, and as of this moment Defendant had been appointed nothing.

The Defendant's rights to an effective assistance of counsel had been violated. Judge Barrett failed to provide counsel that had been willing or able to insure Lance Ealy due process of Law.

In the instant case, the period of pre-trial delay and oppressive incarceration that had elapsed since arrest clearly demonstrates a serious time standard violation which provides complete cause for immediate dismissal of all charges for lack of speedy trial. **Hedgepeth v. United States, 124 U.S. App. D.C. 291, 294, 364 F.2d 684, 687 (1966); and Dickey v. Florida, 398 U.S. 30, 48, 90 S. ct. 1564, 26 L. Ed 2d 26 (1970).** The portion of the delay attributable to the Government or the Defendant has no relevance. The extreme duration of delay, the deprivation of Defendant's right to a speedy trial, the total lack of justification and the prejudicial effects requires dismissal.

**See Coleman v. United States, 442 F.2d 150 (1971); and United States v. Reed, 285 F. Supp. 738, 741 (D.D.C. 1968)** ("Clearly there can be no waiver of right to speedy trial, **where (the Defendant) is powerless to assert his right because of incarceration, ignorance, and lack of sufficient legal advice.") (Incarcerated July 25- October 16)**

The presumption that pretrial delay had prejudiced the Defendant intensifies over time substantially triggering a **Barker inquiry. Doggett v. United States, 505 U.S. 647, 652, n.l, 112 S.CT. 2686, 120 L.Ed. 2d 520 (1992);** and violates sixth amendment speedy trial Right as guaranteed. U.S.A. Constitution. Amend. 6.

The Supreme Court has repeatedly held that the prosecutor and the court have an affirmative Constitutional obligation to try the Defendant in a timely manner; and that this duty requires good faith and diligent effort to bring him to trial quickly. **See Moore v. Arizona, 414 U.S. 25, 26, 94, S.CT. 188, 38, L.Ed. 2d 183 (1973) quoting Smith v. Hooey, 393 U.S. 374, 384, 89 S.CT. 575, 21 L.Ed. 2d 607 (1969)**

In this instant case the government and the court was negligent in their duties to try Defendant in a timely manner. Moreover, they have failed to show good faith or diligent effort, to bring Defendant to trial quickly. As displayed by the lengthy undue delay, and incarceration of the Defendant from July 25, 2014 until October 16, 2014 in this instant case. **United States v. Graham, 128 F. 3d 372, 374, (6th cir.1997).** A mere presence of court backlog or overcrowded case load is insufficient to justify delay by prosecution

**See United States v. Goeltz, 513 F. 2d 193, 197, (10th cir. 1975)** To the extent that the Defendant's counsel waived time or had Defendant request continuances. This would not be attributed to Defendant, due to counselor's actions contradicting the best interest of Defendant, regardless of Defendant being bound by counselor's actions; defense continuances don't excuse lengthy delays in the disposition of a case. **United States v. Lam, 251 F. 3d 852 (9th Cir. 2001).**

The actions of the Government to delay trial of Defendant, has led directly, prejudicially, and unlawfully to a denial of right to speedy trial in this case. Through said delay the Government seriously and intentionally infringed upon the right of due process of law, under the 14th amendment to the United States Constitution, which the Supreme Court has held to be the "The law of the land." In the instant case, the Court has no prerogative. The Court must immediately order an immediate dismissal of all charges against the Defendant with prejudice *See State v. Dowling*, **110 So. 2d. 522, 523 (FLA. 1926)**

Therefore, petitioner should be released from custody immediately (Contempt Warrant) and charges dismissed with prejudice to bar any re-prosecution of the criminal charges. Whereas, a violation of Sixth Amendment right to speedy trial or failure to prosecute requires dismissal.

*See Strunk v. United States*, **412 U.S. 434, 439 - 40, 93S.CT. 2260 (1973);** *McNeely v. Blanas*, **336 F. 3d 822 (9th cir. 2003**). Any denial of dismissal would be void being inconsistent with due process of law. *Omer v. Shalala*, **30 F.3d 1307, 1308 (1994), and** *Bass v. Hoagland,* **172 F.2d 205,209 (1949)**

All public employees of the United States have the obligation actively and assiduously to protect the rights of the people when circumstances permit, especially when required by job descriptions or jobs place public employees in proximity to the people. Public employees accepted that obligation when they swore their sacred oaths of loyalty to the constitutions of the United States.

Failure immediately to dismiss the charges against the Defendant would constitute an egregious violation of the Public Employees Oath of loyalty to the US constitution under the US Constitution Article VI Clause 2 and 3, and the Bill of Rights and Amendments 13 and 14. Said failure would invoke the protections by numerous state and federal laws, including but not limited to 18 USC 242, "Deprivation of Rights Under Color of Law," 18 USC 241 "Conspiracy Against Rights," "Violation of Constitutional Rights, "Penalty for failure to perform the duty of a public officer, "Obstruction of justice under color of law. All Government employees involved directly or indirectly would thereby become subject to serious civil and criminal litigation for their respective roles in the violations of numerous Constitutional rights of Defendant. Thus, this honorable Court must immediately dismiss all charges against Defendant with prejudice.

The U.S. Constitution does NOT give anyone the right to a lawyer or the right to counsel, or the right to any other HEARSAY SUBSTITUTE. **The 6th Amendment is very SPECIFIC, that the accused ONLY has the right to the ASSISTANCE of counsel and this ASSISTANCE of counsel CAN BE ANYONE THE ACCUSED CHOOSES WITHOUT LIMITATION.** The defendant chose the assistance of Counsel Craig Weintraub

of Cleveland Ohio. Trial judge Barret denied the defendant the assistance of Counsel Craig Weintraub on October 27,2014 which thus Hon. Judge Barrett violated the defendants 6th Amendment right to the constitution.

The remedy to cure due processes violation of this nature which courts have recognized as harmful see **United States v. Morrison, 535 F.2d 223 (3d Cir.1976**) and **United States v. Thomas, 488 F.2d 334 (6th Cir. 1973)** (both concluding that **Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972)** does not require a finding of prejudice in order to reverse a conviction because of this type of due process violation) is reversal able of the convictions without regard to prejudice to the defendant. **See also United States v. Hammond, 598 F.2d 1008 (5th Cir. 1979), United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980), cert denied, 484 U.S. 873, 108 S.Ct. 209, L.Ed.2d 160 (1987). Demps v. Wainwright, 805 F.2d 1426 (11th Cir. 1986**).

The defendants Lance Ealy convictions must now be reversed. **Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct.1920, 1923, 18 L.Ed.2d 1019 (1967); Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); United States v. Henricksen, 564 F.2d 197 (5th Cir. 1977); United States v. Hammond, 598 F.2d 1008 (5th Cir. 1979)**

The Due Process Clause of the Fifth Amendment "requires that a penal statute define criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, **461 U.S. 352, 357 (1983)**. A statute is unconstitutionally vague if people "of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. Gen. Constr. Co.*, **269 U.S. 385, 391 (1926); see also United States v. Biro**, 143 F.3d 1421 (11th Cir. 1998). The "touchstone" of fair warning is whether it was "reasonably clear at the relevant time" that a defendant's conduct was criminal under "the statute, either standing alone or as construed." *United States v. Lanier, 520 U.S. 259, 267 (1997*).

In the best interest of Justice and Due Process and the reasons stated above the defendant's motion to arrest Judgment and motion for a New trial pursuant to federal criminal 12, 33, 34, 44 should be granted.

## FACTUAL ALLEGATIONS

The trial judge have engaged and continue to engage in a pattern or practice of conduct that deprives the Defendant of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. This deprivation includes, but is not limited to:

**A** trial judge proximately caused a deprivation of the Defendant federally-protected rights.

**B**. the trial judge acted improperly using and ignoring the laws of the State of Ohio and the United States to deprive the Defendant of federally-protected rights.

**C.** the trial judge denied the Defendant of Constitutional rights.

**D**. the trial judge exercised power possessed by virtue of federal law and made possible only because they were clothed with the authority of federal law.

**E.** the deprivation represents an abuse of authority and/or lies outside the authority of the trial judge because he was acting outside the scope of his employment under the color of law.

**F.** concealing judicial disqualifications, his association, friendship and past working relationship with the defendants **opposing party** while under a duty to disclose.

**G.** issuing orders and decision after being disqualified by law.

**H.** committing fraud upon the court by failing to disclose information to secure a benefit for themselves or another.

**I**. the trial judge violated the United States Constitutional rights of the defendant.

**J**. the trial judge did affirmative acts and failed to perform acts that they were legally required to do that caused the deprivation of the Defendant Constitutional rights.

**K**. the trial judge violated clearly established statutory or constitutional rights of the defendant which a reasonable person would have known.

**L**. the trial judge violated the substantive and procedural due process rights of the defendant, the equal protection of the laws, and those rights from the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment

**m**. the trial judge deprived the Defendant of those rights in the Bill of Rights made applicable to the states through incorporation; claims under the substantive component of the Due Process Clause that bars certain arbitrary, wrongful government actions, regardless of the fairness of the procedures used to.

**n**. Due Process Clause prohibits the deprivation of life, liberty, or property without fair procedure.

**o**. Honorable judge Barrett denied the defendant an impartial tribunal.

**P**. the willfulness of the trial judge, characterized by "open defiance or reckless disregard of a Constitutional requirement" of record establishes a violation of rights under color of law. Failure to follow proper procedure has resulted in a violation of the defendants Civil and Constitutional Rights.

**p.** The Defendants have tolerated the misconduct of individual officers, described in paragraphs above, through its acts or omissions. These acts or omissions include, but are not limited to:

**Q**. the defendant has just cause to believe that he was not given a fair trial and could not have a fair trial due to fact that the presiding judge Barret violated the defendant's right to counsel, the right to waive jury trial, the right to waive speedy trial and the right to have his pretrial motions granted.

**r**. This silent concealment of obstruction of justice by Judge Barrett abridged the Defendants due process rights under the Fourteenth Amendments.

**S**. fair procedures were not used to prevent the wrongful deprivation of interests and the Defendant did not receive a guarantee of basic fairness.

**T**. the Defendant has just cause to believe that he was not given fair consideration and could not have received fair consideration due to the issues alleged

**Trial Judge Michael Barrett jury instructions to the Jurors**

As CASE "LAW" IS ENACTED BY THE JUDICIAL BRANCH OF GOVERNMENT:

When a judge such as honorable Michael Barrett instructs, directs, or gives orders to a jury, the judge is TAMPERING WITH THE JURY.  He also tampers with wittiness testimony when he orders the answers to be either "yes" or "No."  The judge also tampers, fixes, and rigs the trial **when he orders anything stricken from the record, or when he "rules" certain evidence and the truth to be inadmissible**.  This makes the trial and transcript FIXED and RIGGED, because the jury does not hear the REAL TRUTH and ALL THE FACTS.

Therefore the Jurors were made into puppets by the trial judge Barrett.

**It therefore stands to reason that:**

A judge must grant a motion for disqualification if the motion and supporting affidavits state facts from which it reasonably may be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with the party seeking recusal. The judge must accept the affidavits filed with the motion as true even though the judge believes that the statements contained in the affidavits are false.

Based on the foregoing statements of law as applied to the facts contained in the attached affidavit and exhibits, Defendant moves that Judge Barrett be disqualified and/or recuse himself from any further actions in this case, except to transfer it to the presiding judge for reassignment in the manner required by law.

WHEREFORE, in light of the fact that the Judge is either unwilling or unable to perform his duty as mandated by the Constitution and the Law Defendant prays the Judge will recuse himself and arrest judgment and order a new trial.

WHEREFORE, the defendant respectfully moves and prays that the Honorable judge Michael Barrett removes and disqualifies himself as Judge, or that the instant motion be heard by a judge other than Judge Barrett pursuant to the doctrine of **Johnson v. District Court, 674 P.2d 952 (1984),** to the end that another judge be to hear and try all matters in the instant case.

> **Respectfully submitted**
> **Lance Ealy Defendant**
> **IN PROPRIA PERSONA**

### VERIFICATION OF Lance Q Ealy

I, Lance Q Ealy, I swear that I am authorized to make this verification and that the facts alleged in the foregoing MOTION are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters I believe them to be true. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge. This 1st day of December, 2014.

### CERTIFICATE OF SERVICE

The defendant herein certifies that he will serve a copy of this motion to the U.S. attorney to the Plaintiffs who are the complaining parties for the United States with private and official interests will be served a copy of this motion within 3 business days filing on this___day of December 2014.

Lance Q Ealy