# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No: 3-13-CR-00175 |
| Plaintiff, | ) JUDGE MICHAEL BARRETT |
| vs. | ) |
| Lance Ealy, | ) |
| Defendant, | ) |

*PRO SE* **DEFENDANT'S Lance Ealy RESPONSE TO *UNITED STATES* opposition POST-TRIAL MOTION FOR RELIEF (DOC. 187) (R. 173, R. 175)**

Defendant pleading **IN PROPRIA PERSONA (see) (Kay v. Ehrler, 499 U.S. 432)** moves, and hereby files the following Response to *the United States* pertaining to Motions for Relief (R. 173, filed Nov. 26, 2014, and R. 175, filed Dec. 1, 2014). For the reasons below, Lance Ealy respectfully requests to deny the United States motion in opposition and its entirety.

The Court (US DISTRICT COURT) has committed reversible 'errors' and the defendant moves this Court to vacate said judgment with prejudice. The Defendant had a right to effective assistance of counsel and Due Process according to the Sixth Amendment to the Constitution he had a right to face his accusers in a trial put forth against him.

The Constitution affords a defendant the right to directly face his accusers face to face, eye to eye, to cross examine his accusers, impeach their testimony, and elicit testimony in order to rebut the accusations put forth against him. The government in this instant case violated the defendants Fifth, Sixth Amendment, Fourteenth and Due Process rights to directly face his accusers. The action listed in the indictment titled, United States of America v. LANCE EALY, April 10th 2014 featured the accusing party as being the United States government Corporation, a legal fiction. (See: Title 28, 3002. Definitions (15) "UNITED STATES" means - (A) a Federal Corporation; ...

The UNITED STATES Corporation, an artificial person or legal fiction is not a flesh and blood person, nor the Corpus delicti, or damaged party that brought forth the action directly against Defendant Ealy, therefore, it was impossible for said defendant to directly cross examine,

impeach, elicit any testimony from his accuser. The United States Corporation, the accuser, being a legal fiction cannot take the witness stand and make accusations directly against said defendant, nor can said defendant defend himself against an invisible legal fiction entity being the United States government Corporation, a legal fiction. (See: Title 28, 3002. Definitions (15) "UNITED STATES" means - (A) a Federal Corporation; ...The UNITED STATES Corporation, an artificial person or legal fiction is not a flesh and blood person, nor the Corpus delicti, or damaged party that brought forth the action directly against Defendant Ealy, therefore, it was impossible for said defendant to directly cross examine, impeach, elicit any testimony from his accuser. The United States Corporation, the accuser, being a legal fiction cannot take the witness stand and make accusations directly against said defendant, nor can said defendant defend himself against an invisible legal fiction entity. The accuser in said crime must be a flesh and blood body in order to satisfy the requirements of the Sixth Amendment to the Constitution to allow a defendant to directly face his accuser and defend himself. **It is well known that no alleged witnesses/victims filed any complaints or pressed charges against Lance Ealy** and An agent or officer of government is not the accuser, they are only acting on behalf or representing the Corporation, they are not the direct accuser or damaged party bringing forth the action.

If the government wanted one of its represented officers to bring forth the action against

Defendant Ealy, then they should have titled the Indictment UNITED STATES OF AMERICA, aka, **ALEX SISTLA vs. LANCE EALY**. But even that would have been legally deficient because **ALEX SISTLA** or any government agent had not incurred damage, personally, from Defendant Ealy. Only the alleged victims of tax return or bank fraud cited in **the April 10th 2014 indictment** according to the Sixth Amendment could have brought forth a claim directly against Defendant Ealy. But as mentioned earlier in this instant motion no alleged witnesses/victims what so ever brought forth any claim against Lance Ealy which rendered the April 10th 2014 indictment legally deficient because the United States is only a Corporation and not the accuser. Alleged witnesses/victims of fraud would have had to bring the direct action against Defendant Ealy as an aka listed on an indictment. Constitutionally, individual personally damaged alleged witnesses/victims should have directly brought the action against Defendant Ealy but there was no complaints filed against Ealy what so ever.

The question arises. Does the District Court in the Western District of Ohio follow, adhere to, honor and obey the Constitution of the United States and the OHIO Constitution? The mandated language of the Sixth Amendment is clear. The accused has the right to face his accusers. He has a right to elicit testimony, cross examine testimony, and impeach testimony of the accused, face to face, eye to eye. In this instant case, the 6th Amendments Constitutional mandate was not met and Defendant's Due Process rights were violated.

The Confrontational Clause of the Sixth Amendment is deeply rooted in American Jurisprudence. Unless the accused can come forward directly as the damaged party, everything else is hearsay testimony. The Supreme Court in Crawford v. Washington, 541 U.S. 36 (2004) Associate Justice Antonin Scalia, writing for the majority, stated, "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination •••• [T]he only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Scalia determined that opportunity for cross-examination was mandatory •••

Justice Scalia gave a thorough history of the Confrontation Clause, explaining how the Clause became part of the Constitution using famous English cases such as that of Sir Walter Raleigh. He then described the context in which the Constitutional Framers drafted the clause, and displayed how early American courts interpreted the clause.
This history, Scalia concluded, clearly shows that the Confrontation Clause was directed at keeping "ex parte" examinations out of the evidentiary record. Specifically, the Confrontation Clause applies to "witnesses" against the accused, meaning "those who 'bear testimony'". Relying on this and the historical record, Scalia stated, "The Framers would not have allowed admission Of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Scalia determined that a prior opportunity for cross-examination was mandatory, and dispositive of whether or not Testimonial statements of an unavailable witness are admissible.

In the instant case, where is the prescribed confrontation that the Supreme Court mandates and demands? Justice Scalia stated that where testimonial evidence is at issue, the Sixth Amendment demands what the common law required. Scalia stated, "The Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial"

Where then is the damaged party to give forth first hand testimony against the accused and not Hearsay testimony? Once the Defendant demanded of the Court to produce the injured party through oral motion and his written filings, the court should have adhered to what the common law required, and that was to bring forth the damaged flesh and blood party who would have been in the title of the indictment and in this action. This District Court was required to bring forth common law dictum, and the indictment in this case on its face is unable to meet Constitutional muster, wherein the accusing party, the UNITED STATES, is not the damaged entity to bring forth Constitutionally mandated confrontational testimony. Additionally, The Plaintiff is not a legal fiction, nor a 14thAmendment statutory person and he stated so in his filings and on the record orally. The Court should have moved from being an arbitrator of corporations and legal fictions or 14thAmendment statutory citizens, to one that would have what the common law required, and that was direct confrontation between the accuser and the accused.

Therefore, since the government did not produce the flesh and blood person that was listed in the titled indictment as the accuser against Defendant Ealy and **directly** bring the charges and evidence against him, and also did not allow said defendant to **directly** face his accusers and allow him to cross examine them, impeach or eliciting other testimony, both the government and District Court are in violation of the Fifth, Sixth, and 14th Amendment to the Constitution and Due Process Clause and therefore has to vacate and dismiss the charges against the defendant with prejudice.

Defendant Ealy therefore moves this honorable court to vacate and dismiss said judgment Against him with prejudice

## CHALLENGE OF JURISDICTION for Lack of Access to Article III Courts and violating the defendants constitutional Rights.

I.      Introduction:

In *__Balzac v. People of Porto Rico__*, 258 U.S. 298 (1922) Chief Justice William Howard Taft

explains that:

The United States District Court is **not** a **true United States court** established under article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory **belonging to** the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence does not change its character as a mere territorial court.

Chief Justice Charles Evans Hughes clarifies the distinction between "United States District Court" and "District Court of the United States" in ***Mookini v. United States***, 303 U.S. 201 (1938)

The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are **not** District Courts of the United States. We have often held that vesting a territorial court with jurisdiction **similar** to that vested in the District Courts of the United States does not make it a "District Court of the United States".

## II.     Background

Associate Justice John Paul Stevens in ***Nguyen v. United States*** takes these precedents and creates Article III United States District Courts:

Moreover, we do not read the designation statute without regard for the "historic significance" of the term "United States District Court" used in Title 28. ***Mookini v. United States***, 303 U. S. 201, 205 (1938). "[W]ithout an addition expressing a wider connotation," that term ordinarily excludes Article IV territorial courts, even when their jurisdiction is similar to that of a United States District Court created under Article III. Ibid. See also ***Summers v. United States***, 231 U. S. 92, 101-102 (1913) ("[T]he courts of the Territories may have such jurisdiction of cases arising under the Constitution and laws of the United States as is vested in the circuit and district courts, but this does not make them circuit and *district courts of the United States*")

The term "United States District Court" does not appear in ***Mookini v. United States***, 303 U.S. 201 (1938). The **"historic significance"** is of the term "District Courts of the United States" not United States District Courts.

This brings us to the "Final Solution" to the question of continuing government lies: The U.S. Supreme Court should be exposed as a non-judicial court. Here is an easy way to prove it using the Constitution:

## III.     Argument

The Constitution created "one supreme Court" and left it to Congress to "ordain and establish" Judges who "hold their Offices during good Behavior" and receive "a Compensation, which shall not be diminished during their Continuance in Office."

Instead of completing the Constitution's supreme Court, Congress created an Article IV U.S. Supreme Court with Justices without life tenure and compensation which can be diminished. **Justices cannot be equated to Judges of the supreme Court without violating Article V of the Constitution**.

The USDC isn't even an Article I Court, as Agencies are outside of the government.

The constitutional origin of the USDC is the Territory Clause at 4:3:2 (INSIDE the government!); see ***American Insurance v. 356 Bales of Cotton*** and ***Balzac v. Porto Rico***, as two stellar examples:

One of the great masters of Constitution, Chief Justice John Marshall, writing in the year 1828, Justice Marshall makes a very clear distinction between judicial courts, authorized by Article III, and legislative (territorial) courts, authorized by Article IV. Marshall even utilizes some of the exact wording of Article IV to differentiate those courts from Article III "judicial power" courts, as follows:

"These [territorial] courts then, are **not Constitutional courts**, in which the judicial power conferred by the Constitution on the general government can be deposited. They are incapable of receiving it. They are legislative courts, created in virtue of the general rights of **sovereignty** which **exists** in the **government**, or in virtue of that clause which enables Congress to make all? needful rules and regulations, respecting the territory belonging to the United States. The jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the Constitution, but is conferred by Congress, in the execution of those general powers which that body possesses over the **territories** of the United States. Although admiralty jurisdiction can be **exercised in the States** in those courts only which are established in pursuance of the 3d article of the Constitution, the same limitation does not extend to the territories. In legislating for them, Congress exercises the combined powers of the general and of the State government". [***American Insurance Co. v. 356 Bales of Cotton***] [1 Pet. 511 (1828), emphasis added]

## Challenge Jurisdiction of US District Court Dayton OHIO

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagan's v. Lavine, 415 U. S. 533.

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).
"
A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court" OLD WAYNE

MUT. L. ASSOC. v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907).

"There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.

"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

"Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d. 368 (Fla 2nd DCA 1985)

Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215.

"The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

"A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.
"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.
"
A departure by a court from those recognized and established requirements of law however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.
"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.
"
The fact that the defendant was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest." Monroe v. Papa, DC, Ill. 1963, 221 F Supp 685.
Read US v. Lopez and Hagan's v. Levine both void because of lack of jurisdiction. In Lopez the circuit court called it right, and in Hagan's it had to go to the Supreme court before it was called

right, in both cases, void.

Challenge jurisdiction and motion to dismiss, right off the bat. If you read the supreme Court cases you will find that jurisdiction can be challenged at any time and in the case of Lopez and Ealy it was a jury trial which was declared void for want of jurisdiction. **If it [jurisdiction] doesn't exist, it cannot justify conviction or judgment**. ...without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/ USA's cause. Broom v. Douglas, 75 Ala 268, 57 So 860 the same being jurisdictional facts FATAL to the government's cause (e.g. see In re FNB, 152 F 64).

**Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action**." Melo v. US, 505 F2d 1026.

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hagans v Lavine, 415 U. S. 533.

Read US v Lopez and Hagans v Levine both void because of lack of jurisdiction. In Lopez the circuit court called it right, and in Hagans it had to go to the Supreme court before it was called right, in both cases, void. Challenge jurisdiction and motion to dismiss, right off the bat. If you read the supreme Court cases you will find that jurisdiction can be challenged at any time and in the case of Lopez it was a jury trial which was declared void for want of jurisdiction. If it [jurisdiction] doesn't exist, it can not justify conviction or judgment. ...without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/USA's cause. Broom v. Douglas, 75 Ala 268, 57 So 860 the same being jurisdictional facts FATAL to the government's cause (e.g. see In re FNB, 152 F 64).

A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).

The Supreme Court has also held that if a judge wars against the Constitution, or if he acts without jurisdiction, he has engaged in treason to the Constitution. If a judge acts after he has been automatically disqualified by law, **then he is acting without jurisdiction,** and that suggest that he is then engaging in criminal acts of treason, and may be engaged in extortion and the interference with interstate commerce

"**A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid**. It is clear and well established law that a void order can be challenged in any court" OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"**There is no discretion to ignore lack of jurisdiction.**" Joyce v. U.S. 474 2D 215.

"**Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted.**" Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

"**The law provides that once State and Federal Jurisdiction has been challenged, it must be proven**." Main v. Thiboutot, 100 S. Ct. 2502 (1980)

"**Jurisdiction can be challenged at any time**." and "Jurisdiction, once challenged, cannot be assumed and must be decided." Basso v. Utah Power & Light Co. 495 F 2d 906, 910.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." Hill Top Developers v. Holiday Pines Service Corp. 478 So. 2d. 368 (Fla 2nd DCA 1985)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.

"**There is no discretion to ignore that lack of jurisdiction.**" Joyce v. US, 474 F2d 215.

"**The burden shifts to the court to prove jurisdiction**." Rosemond v. Lambert, 469 F2d 416.

**18 U.S.C 1001 (1976) Provides:**

"Whoever, in any manner **within the jurisdiction of any department or agency of the United States** Knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both".**(See affidavits of Anshawn Esmond, Brittnie Mansfield and Ashlie Mansfield)**

**(AUSA) ALEX SISTLA VIOLATED THIS SECTION (18 U.S.C 1001 (1976) OF THE UNITED STATES CODE. (See sworn affidavits of Anshawn Esmond, Brittnie & Ashlie Mansfield)!!!**

"A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"**Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term**." Dillon v. Dillon, 187 P 27.

"**A court has no jurisdiction to determine its own jurisdiction**, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934, 937.

**"Where a court failed to observe safeguards, it amounts to denial of due process of law, The court is deprived of jurisdiction." Merritt v. Hunter, C.A. Kansas 170 F2d 739**

the fact that the defendant lance ealy was released on a promise that he would be appointed competent trial counsel for trial November 3, 2014 that fact is circumstance to be considered in determining whether in first instance why the defendant was forced to trial without counsel ." Monroe v.Papa, DC, Ill. 1963, 221 F Supp 685.


, without such jurisdiction of the licensee, all acts of the agency, by its employees, agents, hearing officers, are null and void." Doolan v. Carr, 125 US 618; City v Pearson, 181 Cal. 640.

"Agency, or party sitting for the agency, (which would be the magistrate of a municipal court) has no authority to enforce as to any licensee unless he is acting for compensation. Such an act is highly penal in nature, and should not be construed to include anything which is not embraced within its terms. (Where) there is no charge within a complaint that the accused was employed for compensation to do the act complained of, or that the act constituted part of a contract." Schomig v. Kaiser, 189 Cal 596.

"When acting to enforce a statute and its subsequent amendments to the present date, the judge of the municipal court is acting as an administrative officer and not in a judicial capacity; courts in administering or enforcing statutes do not act judicially, but merely ministerially". Thompson v. Smith, 154 SE 583.

"A judge ceases to sit as a judicial officer because the governing principle of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments, and rationale for that of the agency. Additionally, courts are prohibited from substituting their

judgment for that of the agency. Courts in administrative issues are prohibited from even listening to or hearing arguments, presentation, or rational." ASIS v. US, 568 F2d 284.

"**Ministerial officers are incompetent to receive grants of judicial power from the legislature, their acts in attempting to exercise such powers are necessarily nullities**." Burns v. Sup., Ct., SF, 140 Cal. 1.

The elementary doctrine that the constitutionality of a legislative act is open to attack only by persons whose rights are affected thereby, applies to statute relating to administrative agencies, the validity of which may not be called into question in the absence of a showing of substantial harm, actual or impending, to a legally protected interest directly resulting from the enforcement of the statute." Board of Trade v. Olson, 262 US 1; 29 ALR 2d 105

## IV. Conclusion:

Though the judicial system set up in a Territory of the United States is a part of federal jurisdiction, the phrase "court of the United States", when used in a federal statute, is generally construed as not referring to "territorial courts." See Balzac v. Porto Rico, 258 U.S. 298 at 312 (1921), 42 S.Ct. 343, 66 L.Ed. 627. In Balzac, the high Court stated:

"The United States District Court is not a true United States court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, Section 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in **offering an opportunity to nonresidents** of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court". [*Balzac v. Porto Rico*, 258 U.S. 298 at 312] [42 S.Ct. 343, 66 L.Ed. 627 (1921)], whereby this court does not have jurisdiction to hear this case and it must be dismissed with prejudice

### Defendants Lance Ealy POINTS OF LAW

Which support and in turn are supported by the Constitution of the United States of America.

155. "Where the meaning of the Constitution is clear and unambiguous, there can be no resort to construction to attribute to the founders a purpose or intent not manifest in its letter." Norris v. Baltimore, 172, MD 667; 192 A 531.0.

156. "It cannot be assumed that the framers of the Constitution and the people, who adopted it, did not intend that which is the plain import of the language used. When the language of the Constitution is positive and free of all ambiguity, all courts are not at liberty, by a resort to the refinements of legal learning, to restrict its obvious meaning to avoid the hardships of particular cases. We must accept the Constitution as it reads when its language is unambiguous, for it is the mandate of the Sovereign power." Cooke v. Iverson, 122, N.W. 251.

157. "All laws which are repugnant to the Constitution are null and void." Marbury v. Madison, 5

10 /

US (2 Cranch) 137, 174, 176, (1803).

158. "The Constitution is superior to any ordinary act of the legislature; the Constitution and not such ordinary act, must govern the case to which they both apply." Marbury v. Madison, 5 US 137, 176 (U.S.Supreme Ct).

159. "The Bill of Rights was provided as a **BARRIER**, to protect, the individual against the arbitrary extractions of the majorities, executives, legislatures, courts, sheriffs, and prosecutors, and it is the primary distinction between democratic and totalitarian processes." STANDLER - Supreme Court of Florida en banc, 36 so 2d 443, 445(1948).

160. "Government may not prohibit or control the conduct of a person for reasons that infringe upon constitutionally guaranteed freedoms." Smith v. U.S. 502 F 2d 512 CA Tex (1974).

161. "It is a duty as much as a right for all citizens to jealously and zealously protects their Fourth Amendment rights." U.S. Supreme Court, appeal of Chimel v. Calif. 89 S Ct 2034.

162. "Where rights secured by the Constitution are involved, there can be no rule in making or legislation which would abrogate them." Miranda v. Arizona, (U.S. Supreme Ct) 380 US 436(1966).

163. "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional rights." Sherar v. Cullen, 481 F 2d 946(1973).

164. "We find it intolerable that one Constitutional right should have to be surrendered in order to assert another." Simmons v. U. S., 390, US 389(1968).

169. "The claim and exercise of a Constitutional right cannot be converted to a crime." Miller v. U. S., 230 F 486 at 489.

170. "When Constitutional rights have been violated, remedies for violations are not dependent upon fictionalized distinctions." Kelly v. U. S., 379 F Sup 532.17. Ed 1165: "In determining whether...rights were denied, we are governed by the substance of things and not by mere form;" ID., Louisville & N.R. Co. v. Schmidt, 177 US 230, 20 Sup., Ct.,620 44 L Ed 747.

171. "One needs not be a criminal to claim Fifth Amendment (right), it applies to civil suits as well." Isaacs v. U.S., 256 F 2d 654.

172. "Fifth Amendment (right) is available to outside of criminal court proceedings and serves to protect persons in all settings..." Miranda v. Arizona, (U.S. Supreme Ct.) 380 US 436(1966).

173. "Civil contempt's are sometimes civil in name only, entailing what are in reality criminal punishments." Wyman v. Uphaus, 360 US 72(1959).

174. "To penalize the failure to give a statement which is self incriminatory is beyond the power of Congress." U.S. v. Lombarde, 228 F. 980.

175. "All acts of legislature...contrary to natural right and justice are void." Robin v. Hardaway, 1 Jefferson 109(1772).

176. "law of the land...renders judgment only after trial." Dartmouth College v. Woodward 4 Wheet, US 518, 4 Ed 629(1814).

177. "due course of law...is synonymous with 'due process of law' or 'law of the land'"... Kansas Pac. Ry. Co. v. Dunmeyer, 19 Kan 542 (See also Davidson v. New Orleans, 96 US 97, 24, L Ed 616).

**178. "Lack of counsel of choice can be conceivably even worse than no counsel at all, or of having to accept counsel beholden to one's adversary." Burgett v. Texas, 389 US 109. (Lance Ealy) was denied counsel of his choice**

179. "A state or federal court which arbitrarily refuses to hear a party by counsel...civil or criminal, denies the party a hearing, and therefore denies him due process of law in a Constitutional sense." **Reynolds, v. Cochran, 365 US 525, 51 Ed @d 754, 81 S Ct 723 in Am Jur P.979.**

180. "A plaintiff need not pursue his state remedies before instituting a 1983 action." **Monroe v. Pape (or perhaps Pope), 365 US 167(1961).**

181. "To maintain an action under (42 USC) 1983, it is not necessary to allege or prove that the defendants intended to deprive Plaintiff of his Constitutional rights or that they acted willfully, purposely, or in furtherance of a conspiracy... it is sufficient to establish that the deprivation... was the natural consequences of Defendants acting under the color of law**..." Ethridge v Rhodes, DC Ohio 268 F Sup 83(1967), Whirl v. Kern, CA 5 Texas 407 F 2d 781 (1968) Ury v. Santee, DC Ill, (1969)**

182. "In a 42-1983 action, the allegations of the Complaint and the inferences to be drawn there from, upon a motion to dismiss, must be taken most favorably to the Plaintiff." **Nanez v. Ritger, DC Wis. 304 F Sup 354(1969).**

183. "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it**." State v. Sutton, 63 Minn. 147 65 NW 262 30 LRA 630 AM ST 459.**

184. "Disobedience or evasion of a Constitutional mandate may not be tolerated, even though such disobedience may...promote in some respects the best interests of the public." Slote v. Bd. of Examiners, 274 N.Y. 367; 2 NE 2d 12; 112 ALR 660. (See also Watson v. Memphis, 375 US 526; 10 L Ed 529; 83 S Ct 1314.)

185. "It is the duty of the courts to be watchful for the CONSTITUTIONAL RIGHTS of the citizen, against any stealthy encroachments thereon." **Boyd v. U.S., 116 US 616, 635, (1885)**

186. "The judicial branch has only one duty - to lay the Article of the Constitution which is involved beside the statute which is challenged and to decide whether the latter squares with the former...the only power it (the Court) has...is the power of judgment**." U.S. v. Butler, 297 US (1936).**

187. "A claim under the civil rights act expressly gives the District Court Jurisdiction, no matter how imperfectly the claim is stated." **Harmon v. Superior Ct of the State of California, 307 F 2d 796, CA 9(1962).**

188. "A court is without power to render a judgment it lacks jurisdiction of the parties or of the subject matter...In such cases, the judgment is void, has no authority and may be impeached." **O'Leary v. Waterbury Title Co., 117 Conn 39, 43, 166 A. 673.**

189. "Courts, (must) indulge every reasonable presumption against waiver of fundamental constitutional rights, and...not presume acquiescence in the loss of fundamental rights." **Dimmock v. Scalded, 293 US 474(1935) 304 US at 464.**

190. "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may prove to be and inartistically as the complaint may be drawn. This is particularly true where the Plaintiff is not represented by counsel." **Brooks v. Pennsylvania R. Co., 91 F Sup 101 DC SD NY(1950).**

191. **"a motion to dismiss is not to be granted unless it appears beyond doubt that the plaintiff can prove no set of acts which would entitle him to relief." "Haines v. Keener, 404 US 519, 30 L Ed 2d 652, 92 S CT 594(1972).**

192. "Decency, security, and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen." **Olmstead v. U.S., 277 US 438 485; 48 S CT L ED 944(1928).**

193. "Judges may be punished criminally for willful deprivation of...rights on the strength of **18 usc 242." Imbler v. Pachtman, US 47 L Ed 2d 128, 96 S Ct.**

194. "Judges have no immunity from prosecution for their judicial acts." **Bradley v. Fisher, US 13 Wall 335(1871).**

195. "Government immunity violates the common law maxim that everyone shall have remedy for an injury done to his person or property." **Fireman's Ins. Co. of Newark, N.J. v. Washburn County, 2 Wis 2d 214, 85 N.W. 2d 840(1957).**

196. "Immunity fosters neglect and breeds irresponsibility, while liability promotes care and caution, which caution and care is owed by the government to its people." **Rabon v. Rowen Memorial Hosp., Inc., 269 NS 1, 13, 152 SE 1d 485, 493(1967).**

197. "Actions by state officers and employees, even if unauthorized or in excess of authority, can be actions under 'color of law'." **Stringer v. Dilger, CA 10 Colo 313 F 2d 536(1963).**

198. "A judge is not immune from criminal sanctions under the civil rights act." **Ex Parte Virginia, 100 US 339(1879), (54 US v. Moylon 417 F 2d 1002, 1006(1969).**

199. "the language and purpose of the civil rights acts, are inconsistent with the application of common law notions of official immunity..." **Jacobsen v. Henne, CA 2 NY 335 F 2d 129, 133 (1966). (See also Anderson v. Nosser, CA 5 Miss 428 F 2d 183 (1971).**

200. "Governmental immunity is not a defense under (42 USC 1983) making liable every person who under color of state law deprives another person of his civil rights." **Westberry v. Fisher, DC Me. 309 F Sup 95(1970).**

201. "Judicial immunity is no defense to a judge acting in the clear absence of jurisdiction." **Bradley v. Fisher, US 13 Wall 335 (1871).**

202. "When the responsibilities of lawmaker, prosecutor, judge, jury and disciplinarian are thrust upon a judge he is obviously incapable of holding the scales of justice perfectly fair and true." **Fisher v. Pace, 336 US 155 at 167.**

203. The jury...acts not only as a safeguard against judicial excesses, but also as a barrier to legislative and executive oppression. The Supreme Court...recognizes that the jury...is designed to protect Defendants against oppressive governmental practices." **United States ex rel Toth v. Quarles, 350 US 11, 16 (1955).**

204. The Jury has "an unreviewable and irreversible power...to acquit in disregard of the instructions of the law given by the trial judge." **U.S. v. Dougherty, 473 F 2d 1113, 1139 (1972).**

205. "The common law right of the jury to determine the law as well as the facts remains unimpaired." **State v. Croteau, 23 Vt 14, 54 AM DEC 90 (1849).**

206. "**A conviction obtained where the accused was denied counsel is treated as void for all purposes.**" **Burgett v. Texas, 389, US 109 (1967). Lance Ealy was denied counsel prior to trial November 3 2014**

207. "A conviction under an unconstitutional law is...illegal and void and cannot be a legal cause of imprisonment; the courts must liberate a person imprisoned under it...one imprisoned...may be discharged by **the writ of 'Habeas Corpus'." (16 Am Jur Sec 150).**208. "Our system of taxation is based on voluntary assessment and payment, not upon distraint."**362 US S 145, 176, 80 S Ct 630, 647 4 L Ed 623 (1960).**

209. "To lay with one hand the power of government on the property of the citizen, and with the other to bestow it on favored individuals...is none the less robbery because it was done under the forms of law and is called taxation." **Miller 20 Wall 655, 663, 664 (1874)."**In all criminal cases whatever, a jury or a judge shall have the right to determine the law, and the facts...as in civil cases.

**Substantive Due Process and Judicial Accountability**

The Fifth Amendment to the United States Constitution (applicable to the Federal Government) and the Fourteenth Amendment to the United States Constitution (applicable to the States), both require that all laws and governmental actions must be in accord with Due Process.  Due Process includes both Procedural Due Process (the law must provide a fair procedure) and Substantive Due Process

14 /

(all laws must be in accordance with reason).

Substantive Due Process, minimally, provides that every law and governmental action must be rationally related to a legitimate governmental interest. Laws and governmental actions such as Judicial Orders must be in accordance with the Substantive Due process requirement that all laws and governmental actions must be rationally related to a legitimate governmental interest.

The Substantive Due Process requirement finds it roots in Old English and Colonial Law. The Pennsylvania Charter of 1681 provides that all laws must be in accordance with reason. Reason can be defined as that cognitive capability with integrates logic, love, and intuition. Because of the logic requirement, minimally, it is clear that all laws to be valid must be rationally (logically) related to a legitimate governmental interest. This is true of legislation, Executive Orders issued by a Governor or President, and Judicial Orders issued by a Judge. Obviously, if a legislator, governor, president, or judge violates Substantive Due process in relation to a person, then such a legislator, governor, president, or judge can be sued under 42 United States Code, Section 1983, and criminally prosecuted under 18 United States Code, Section 242

An indictment is presumed to be valid, and is rarely open to attack for insufficiency after a conviction. However, courts will not hesitate to exercise their power to dismiss an indictment where the integrity of the Grand Jury has been impaired, and the proceeding rendered defective by perjured testimony (*see, Costello v United States,* **350 U.S. 359;** *People v Pelchat,* **62 N.Y.2d 97**). "It is a serious matter for any individual to be charged with crime whether the charge be true or false * * * [and] it is as important to a person that he be fairly and justly accused * * * as that he be fairly and impartially tried" (*People v Minet,* **296 N.Y. 315, 322-323).** Indeed, indictments may be dismissed solely because they were obtained by a prosecutor who knowingly presented false evidence even when sufficient other reliable evidence existed (*see, United States v Samango,* 607 F.2d 877; *United States v Basurto,* 497 F.2d 781). **See (docket 175) Affidavits of Anshawn Esmond and Ashley Mansfield**

When a prosecutor learns of any perjury committed before the Grand Jury, the prosecutor is under a duty to immediately inform the court and defense counsel (*see, United States v Basurto, supra,* at 785). Here, the **prosecutor (ALEX SISTLA) did not inform the court and Pro-se litigant Lance Ealy of the falsity before trial.** When this case was presented to the Grand Jury the prosecution was of alleged misrepresentation. So, the people knowingly allowed this prosecution based upon false testimony. (*See, People v Alexander,* **136 A.D.2d 332, 336.**) **See (docket 175) Affidavits of Anshawn Esmond and Ashley Mansfield**

The court must determine whether the perjured testimony was material enough to warrant dismissal or whether the remaining testimony was legally sufficient to indict the defendant. Materiality in this regard has been defined as false Grand Jury testimony regarding an element of the crime charged in the indictment.

The defendant's definition of "material" pursuant to the *Brady* doctrine is misplaced. Courts have specifically defined that term in connection with Grand Jury proceedings (*see, United States v Flaherty,* 668 F.2d 566; *United States v Cathey,* 591 F.2d 268; *United States v Levine,* 700 F.2d 1176; *People v Llewelyn,* 136 Misc.2d 525).

As the People argued, Mayers' testimony standing alone, if accepted as true, would establish every element of the offense (*cf.*, *People v Figueroa*, 167 A.D.2d 101). In *Figueroa*, the First Department indicated there was no indication when the officer testified before the Grand Jury that his testimony was indeed false. Rather, the Appellate Division stated, "there was other relevant evidence before the Grand Jury so that it cannot be said that the indictment rested solely on false evidence" (*People v Figueroa, supra*, at 104).

In *Basurto* (*supra*), the coconspirator's perjured Grand Jury testimony was found to be material. There had been a change in the law which may have caused the Grand Jury to indict under a different statute which would have affected the defendant's sentence. In addition, the prosecutor failed to notify the court as required (*see*, *United States v Basurto*, 497 F2d, *supra*, at 784). Likewise, in the *Pelchat* case (*supra*), the court saw fit to dismiss the indictment where the prosecutor allowed the defendant to take a guilty plea knowing the Grand Jury testimony failed to meet legal standards. Prior to the defendant's plea, the prosecutor had been made aware of the perjured testimony of a police officer, which had been the only evidence linking the defendant to the crime (*see*, *People v Pelchat*, 62 NY2d, *supra*, at 107). The matter at bar is obviously distinguishable in view of the Witnesses/complainant's testimony (*cf.*, *People v Nilsen*, 182 A.D

### Fugitive Disentitlement Doctrine

**A person who is a fugitive from justice may not use the resources of the civil legal system while disregarding its lawful orders in a related criminal action. Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), any person who, in order to avoid criminal prosecution, purposely leaves the jurisdiction of the United States, declines to enter or reenter the United States to submit to its jurisdiction, or otherwise evades the jurisdiction of the court where a criminal case is pending against the person, may not use the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third-party proceedings in any related criminal forfeiture action.**

**Lance Ealy Contends that the Fugitive Disentitlement Doctrine does not apply to him because he has not left the jurisdiction of the United States and still is in the southern district of Ohio as he has continued to file motions on his behalf within this district. The defendant has proved the government's case is not constitutionally valid and Mr. Ealy asserts that the use of the fugitive disentitlement doctrine is not appropriate in his circumstances and that he should be permitted to raise his legal challenge and eventually be granted a change of Venue as permitted by Law.**

**This Court has repeatedly held that federal courts may not exercise their inherent or supervisory powers in a manner that violates constitutional rights. See, e.g., Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Thomas v. Arn, 474 U.S. 140, 148 (1985). The Constitution limits "the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." Societe Internationale v. Rogers, 357 U.S. 197, 209 (1958). To hold otherwise "would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing." United States v. Payner, 447 U.S. 727, 737 (1980).**

The Due Process Clause of the Fifth Amendment provides that no person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. This Court has held that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Matthews v. Eldridge, 424 U.S. 319, 333 (1976) (citation and quotation omitted). See also Hovey v. Elliott, 167 U.S. 409, 414 (1897) ("To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends."). Due Process requires that an individual be afforded any statutorily-created rights. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) (defendant had a "substantial and legitimate expectation" that the State would honor a statutorily-created procedural right, "and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation").

Individuals in the United States have Due Process rights regardless of their status. Cf. McVeigh v. United States, 78 U.S. (1 Wall.) 259, 267 (1870510 (2003), Reno v. Flores, 507 U.S. 292, 306 (1993); Kwong Hai Chew v. Colding, 344 U.S. 590, 600 (1953), which are implemented by federal statute.

Not only is the doctrine limited to the court in which the fugitive remains at large but also has been limited based on whether the fugitive is defending or asserting a claim for example See (United States v Sharp) the Supreme court held that an appellate court may not invoke the doctrine when a fugitive is the respondent/defendant.

                                              Respectfully submitted
                                              Lance Ealy Defendant
                                              IN PROPRIA PERSONA

                    **VERIFICATION OF Lance Q Ealy** *Lance Q Ealy*

I, Lance Q Ealy, I swear that I am authorized to make this verification and that the facts alleged in the foregoing MOTION are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters I believe them to be true. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.
This 10th day of February, 2015.

                                      **CERTIFICATE OF SERVICE**
The defendant herein certifies that he will serve a copy of this motion to the U.S. attorney to the Plaintiffs who are the complaining parties for the United States with private and official interests will be served a copy of this motion within 3 business days filing on this_10th_day of February 2015



From: Lance Ealy
1622 Rangeley Ave
Dayton OH 45413

To: U.S. District
200 West 2nd St

7013 1090 0001 5379 7270

RETURN RECEIPT REQUESTED